**DOW JONES & COMPANY, INC. and Robert L. Bartley, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

No. 94 Civ. 0527 (SS).

United States District Court, S.D. New York.

Feb. 16, 1995.

Dow Jones & Company, Inc. Legal Dept., New York City (Stuart D. Karle, of counsel), for plaintiffs.

Swidler & Berlin, Washington, DC (James Hamilton, Robert Zener, Michael L. Spafford, of counsel), Dechert Price & Rhoads, New York City (William K. Dodds, of counsel), for Lisa Foster.

## OPINION AND ORDER

SOTOMAYOR, District Judge.

In an Opinion and Order dated January 5, 1995, I partially granted plaintiffs Dow Jones & Company, Inc. ("Dow Jones") and Robert L. Bartley's ("Bartley") motion for summary judgment, enjoining the Department of Justice (the "DOJ") from withholding circulation of copies of a torn-up note (the "Note") written by former Deputy White House Counsel Vincent W. Foster prior to his suicide. Lisa Foster ("Mrs. Foster" or the "proposed intervenor"), Mr. Foster's widow, moves to intervene in this matter pursuant to Fed. R.Civ.P. 24(a) and (b) in order to appeal the January 5, 1995 Order. Plaintiffs oppose the motion. For the reasons stated below, I grant Mrs. Foster's motion to intervene.

## FACTUAL BACKGROUND

Familiarity with *Dow Jones & Co. v. Department of Justice,* No. 94 Civ. 0527 (SS), 1995 WL 6155 (S.D.N.Y. Jan. 9, 1995) is presumed. A brief recounting of some of the prior events, however, is useful for an understanding of this action and the motion before the Court.

Plaintiffs commenced an action to compel DOJ to release, pursuant to the Freedom of Information Act (the "FOIA"), reports prepared by the United States Park Police and the Federal Bureau of Investigation (the "Reports") and copies of the Note. Meanwhile, Independent Counsel Robert Fiske had begun an investigation into the circumstances of Foster's death and the events occurring in the White House following his death, including the discovery and handling of the Note. By letter dated February 28, 1994, Independent Counsel Fiske informed DOJ that public disclosure of all or any part of the Reports and Note would substantially prejudice his investigation of the events covered therein and therefore claimed that the Reports were exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A) ("Exemption

7(A)"). Exemption 7(A) excludes from the FOIA's mandatory disclosure requirements "records or information compiled for law enforcement purposes" which, if produced, "could reasonably be expected to interfere with enforcement proceedings."

Subsequently, Independent Counsel Fiske advised the DOJ that public release of the Note would not be detrimental to his investigation, and hence, Exemption 7(A) would not bar its disclosure. DOJ reviewed the Note to determine if any other FOIA exemptions applied and ultimately concluded, after consulting with the attorney representing the family of Vincent Foster, that it would withhold the document pursuant to 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)"). Exemption 7(C) exempts "records or information compiled for law enforcement purposes ... to the extent that the[ir] production ... could reasonably be expected to constitute an unwarranted invasion of personal privacy."

Plaintiffs in the underlying action moved for summary judgment enjoining DOJ from withholding the requested documents; DOJ cross-moved for summary judgment dismissing the complaint. I denied plaintiff's motion regarding the Reports, and granted plaintiff's motion regarding the Note, enjoining DOJ from withholding photocopies of the Note.

Mrs. Foster filed a motion to intervene in this action on January 23, 1995 for the purpose of appealing my decision regarding the Note. Mrs. Foster files the motion pursuant to Fed.R.Civ.P. 24(a), intervention of right, and alternatively under Rule 24(b), permissive intervention. DOJ, which has not yet filed a notice of appeal, does not oppose Mrs. Foster's motion; plaintiffs, however, do oppose the motion.

## DISCUSSION

### 1. Intervention as of Right

█ Mrs. Foster seeks leave to intervene as of right pursuant to Fed.R.Civ.P. 24(a).[1]

---

1. Rule 24(a) states:
 Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of

the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's

Under Rule 24(a), the proposed intervenor must "(1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise adequately protected." *Farmland Dairies v. Commissioner of New York State Dep't of Agric. and Mkts.*, 847 F.2d 1038, 1043 (2d Cir.1988) (quoting *United States v. New York*, 820 F.2d 554, 556 (2d Cir.1987)).

Plaintiffs do not dispute that Mrs. Foster meets the second and third requirements of this test; that is, that Mrs. Foster has an interest in keeping copies of her husband's Note from being released, and that an unfavorable disposition of an appeal of the January 5, 1995 Order will impair that interest. This discussion, then, will focus on the first and fourth elements required in order to intervene as of right: the timeliness of the motion and the protection of Mrs. Foster's interest if this motion is denied.

■ *a. Timeliness.* The determination of timeliness of a motion to intervene is committed to the discretion of the trial court and must be based on all of the circumstances of the case. *Farmland Dairies*, 847 F.2d at 1043–44. Among the factors a court may take into account when determining whether a motion to intervene is timely are "(1) the length of time the applicant knew or should have known of his [or her] interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to applicant if the motion is denied; and (4) presence of unusual circumstances militating for or against a finding of timeliness." *United States v. New York*, 820 F.2d 554, 557 (2d Cir.1987).

■ Before discussing the above factors, I find I must address an additional circumstance in this case that bears on the issue of timeliness: the motion to intervene was filed only after the issuance of my order for summary judgment in favor of plaintiffs. Post-judgment intervention is generally disfavored because it usually creates delay and prejudice to the existing parties. *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 596 (2d Cir.1986). Post-judgment intervention is not necessarily untimely, however, and in *United Airlines v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), the Supreme Court held that in ruling on the timeliness of a post-judgment intervention, "the critical inquiry in every such case is whether, in view of all the circumstances the intervenor acted promptly *after the entry of final judgment.*" *Id.* at 395–96, 97 S.Ct. at 2470–71 (emphasis added). The proposed intervenor, who filed her motion before final judgment was entered on my order granting summary judgment, relies on *United Airlines* in her assertion that her motion was timely filed; plaintiffs argue that the holding of *United Airlines* is limited to its distinguishable facts. Caselaw dealing with intervention has not made clear how the *United Airlines* holding interacts with the four factors that a court generally considers when determining the timeliness of a motion for intervention.

Courts have not imposed a hard and fast rule defining timeliness under Rule 24(a), preferring instead, as discussed above, that the ruling be based on all the circumstances of the case. Practically speaking, such discretion allows the court to weigh the merits of a proposed intervention when determining timeliness. In *United Airlines*, however, the Supreme Court enunciated a clear rule mandating promptness in the filing of post-judgment interventions. The question remains whether the *United Airlines* requirement replaces the four considerations the court usually looks to, or whether it supplements them.

■ The proposed intervenor seems to argue that in light of *United Airlines*, a finding of prompt filing of a post-judgment motion is dispositive on the issue of timeliness under Rule 24. I disagree. The proper analysis, I believe, is that *if* a motion to intervene is timely under the four considerations, the fact that it is a post-judgment motion will not render it untimely as long as it was filed promptly after judgment. The *United Airlines* Court indicated as much in its discussion of the merits of the motion for intervention before it. In addition, using the rule enunciated in *United Airlines* to supplement,

interest is adequately represented by existing parties.

rather than supplant, the four considerations of timeliness is more in keeping with the general rule, as it allows the trial court to look at the merits of the proposed intervention. A contrary interpretation would make little sense, because it would discourage a proposed intervenor from filing a motion during a pending action, when it would be scrutinized, in favor of filing promptly after judgment, when it would mechanically be found timely.

I also address plaintiffs' contention that the holding in *United Airlines* should be limited to its particular facts that post-judgment intervention should be available only in situations where it is not until final judgment that the proposed intervenor has any reason to believe that the parties to the action will not pursue an appeal. *See* Pl.'s Mem. Law Opp'n Mot. Intervene at 8. Plaintiffs posit that Mrs. Foster should have concluded earlier in the case that DOJ might not appeal a decision ordering the release of the Note, and therefore, should have intervened at that time.

Plaintiffs fail adequately to consider that the Court in *United Airlines* explicitly stated that its holding was "consistent with several decisions of the federal courts permitting post-judgment intervention for the purpose of appeal," and that in a footnote, the Court listed several of these "consistent" decisions, none of which required that the intervenor find out only after the entry of judgment that a party to the action refused to bring an appeal. *Id.* at 395 & n. 16, 97 S.Ct. at 2470 n. 16.

Furthermore, a more recent Supreme Court opinion supports the view that post-judgment intervention is not limited, as plaintiffs argue, to factual situations similar to *United Airlines*. In *Marino v. Ortiz*, 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988) (per curiam), the Supreme Court affirmed a district court's judgment dismissing as an impermissible collateral attack petitioners' attempt to challenge a consent decree, reached in an action to which the petitioners were not parties. Citing *United Airlines*, the Court stated, "We think the better practice [than collateral attack] is for such a nonparty to seek intervention for purposes of appeal." *Id.* at 304, 108 S.Ct. at 588. The Court made no indication that in order for the nonparties to have intervened, they would have had to show that prior to judgment, they had no knowledge that their interests would not be effectively met by the parties to the suit.

■ Without deciding the scope of post-judgment interventions permitted by *United Airlines*, I find that the motion for intervention here meets the additional timeliness consideration required by that case, as Mrs. Foster filed promptly, just eighteen days after the issuance of my order for summary judgment and before the Clerk of the Court entered final judgment. *See United Airlines*, 432 U.S. at 390, 97 S.Ct. at 2467–68 (motion filed 18 days after judgment was timely).

■ At this point, I return to the four factors that a trial court considers when determining the timeliness of a motion to intervene. To repeat, they are "(1) the length of time the applicant knew or should have known of his [or her] interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to applicant if the motion is denied; and (4) presence of unusual circumstances militating for or against a finding of timeliness." *United States v. New York*, 820 F.2d 554, 557 (2d Cir.1987). Plaintiffs' main arguments against a finding of timeliness are first, that Mrs. Foster knew of her interest earlier in the lawsuit and second, that plaintiffs will be prejudiced by the intervention.

Plaintiffs reason that Mrs. Foster should have intervened in this action by last May at the latest, because she should have known by then that her interest in the action could diverge from the government's interest when Independent Counsel Fiske decided that Exemption 7(A) did not apply to the Note. Plaintiffs point out that in FOIA cases, the government's interest is always different from a private citizen's interest because the government has the duty to disclose information to the public. Mrs. Foster argues that she believed the government would adequately represent her interest in this matter, and that only with the adverse Order did she

realize that the government might not fully exercise its right to appeal. While the more prudent course might have been for Mrs. Foster to have joined the lawsuit at an earlier date, I find that she had some basis for believing that DOJ would adequately protect her interest, as the agency sought a 7(C) exemption, tailored to prevent an invasion of personal privacy, after Independent Counsel Fiske indicated that the 7(A) exemption no longer applied.

With regard to plaintiffs' second argument, that they will be prejudiced by the intervention, they emphasize that the reason post-judgment interventions are generally disfavored is because they usually cause delay and prejudice to the existing parties. *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 596 (2d Cir.1986). For example, in *United States v. Yonkers Board of Education*, a motion to intervene made by a group of homeowners seeking to challenge the proposed location of public housing was denied, as the court noted that the taking of further evidence of the intervenors would involve unacceptable delay. *Id.* at 594. Moreover, the court envisioned "the intervention of one wave of homeowners after another as new sites are designated," thereby making finality of judgment impossible. *Id.* at 596. Another case, which plaintiffs cite, *Farmland Dairies*, illustrates that a post-judgment motion for intervention might be denied if it will cause prejudice by jeopardizing a pending settlement of the lawsuit. *Farmland Dairies*, 847 F.2d at 1044.

The type of delay cited by the *Yonkers* and *Farmland Dairies* courts is not involved here, as Mrs. Foster does not intend to add to the factual record already before the court. Mem. Supp. Mot. Intervene at 4. Nor have plaintiffs adequately explained the prejudice they will face "resulting from the applicant's delay." Plaintiffs are in the same position they would have been in if Mrs. Foster had intervened in an earlier stage of the litigation process, *i.e.*, they would be subject to the delay inherent in an appeal.

Plaintiffs are no doubt eager for the release of the Note. Nevertheless, because appellate review is central to our judicial system, I reject their argument that the de-lay involved in an appeal in which no new evidence will be proffered amounts to prejudice.

The third factor a court is to consider when making a determination of timeliness is the prejudice to the intervenor if his or her motion is denied. I find this factor to be overwhelmingly in the intervenor's favor, because her interest in the outcome of this matter is acute. As I noted in my January 5, 1995 Order, I do not doubt that the release of the Note will cause the Foster family pain. It would be unjust for me to recognize that fact, and then not to weigh it heavily when making a determination of timeliness in which I am required to view all of the circumstances in the case.

The last of the four factors is the presence of unusual circumstances militating for or against timeliness. I agree with the proposed intervenor that circumstances surrounding this case are unique. Vincent Foster's suicide was heavily publicized, and speculation about the White House's "handling" of the situation has been rampant. The release of the Note will undoubtedly engender more of the same, and this is the very harm the proposed intervenor wishes to avoid. Such unusual circumstances militate for a finding of timeliness.

 I note again that the timeliness requirement is flexible and the decision is entrusted to the discretion of the trial judge. *Farmland Dairies*, 847 F.2d at 1043–44. The four enumerated considerations do not constitute a test with requirements that a proposed intervenor must meet, but instead must be weighed by the court. In looking at all the circumstances of the case, I find that the motion to intervene was timely made.

 *b. Interest Not Adequately Protected.* I move on, finally, from the first requirement of intervention as a right, timeliness, to the fourth requirement, that the intervenor have an interest not otherwise adequately protected. *United States v. New York*, 820 F.2d 554, 556 (2d Cir.1987). As stated above, I find it unnecessary to do more than mention the second and third requirements under Rule 24(a), as plaintiffs do not dispute and it is apparent that Mrs.

Foster both has an interest in the action and that the interest could be adversely affected by an unfavorable disposition. The fourth requirement, that the proposed intervenor have an interest not otherwise adequately protected, is satisfied "if the applicant shows that representation of his [or her] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972).

 DOJ has not yet indicated whether it will appeal the Order for summary judgment. Plaintiffs have declared that if, and only if, DOJ appeals the decision regarding the Note, they will cross-appeal on the issue of waiver of Exemption 7(A). Pls.'s Mem. Law Opp'n Mot. Intervene at 2. DOJ, then, has a disincentive to appeal the Order regarding the Note. "Where issues relating to the appellate process create a divergence of interests between the party representing the would-be intervenor's interest and the would-be intervenor, intervention for the purpose of protecting the latter's appellate rights may be appropriate." *H.L. Hayden Co. v. Siemens Medical Systems, Inc.*, 797 F.2d 85, 88 (2d Cir.1986). Such a divergence of interests has been created here, because it would be reasonable for DOJ to decide not to appeal the Exemption 7(C) decision in order to ensure that the decision in their favor on Exemption 7(A) goes unchallenged. I find that there has been more than the minimal showing required by the Supreme Court in *Trbovich* that Mrs. Foster's interest may not be adequately protected on appeal.

I grant Mrs. Foster's motion to intervene as of right because it meets all four requirements under Fed.R.Civ.P. 24(a).

### 2. Permissive intervention

 Mrs. Foster moves also to intervene under Fed.R.Civ.P. 24(b), permissive intervention.[2] The district court's discretion under Rule 24(b) is very broad. *H.L. Hayden Co.*, 797 F.2d at 89. Rule 24(b) requires

that "an applicant's claim or defense and the main action have a question of law or fact in common." The words claim or defense are not to be read in a technical sense, but only require some interest on the part of the applicant. *Brooks v. Flagg Bros. Inc.*, 63 F.R.D. 409 (S.D.N.Y.1974); 3B Moore's Federal Practice (2d ed.) ¶ 24.20[2]. Permissive intervention also is appropriate where the applicant's interest will be finally determined by the suit. *Arizona v. California*, 460 U.S. 605, 615, 103 S.Ct. 1382, 1389, 75 L.Ed.2d 318 (1983). In addition, Rule 24(b) requires that the intervention not unduly delay or prejudice the rights of the existing parties. As already discussed in the intervention as-of-right analysis, the proposed intervention meets all of these requirements: Mrs. Foster has an interest in this case, that interest will be finally determined by this suit, and the proposed intervention will not cause undue delay or prejudice to the existing parties.

I therefore alternatively grant Mrs. Foster's motion to intervene under Rule 24(b). Last month when I granted summary judgment to plaintiffs enjoining DOJ from withholding copies of the Note, I reasoned that the public's interest in having copies of the Note released is greater than the Foster's family privacy interest. I believe that my Order was correct, in light of the fact that the handling of the Note has been the subject of great controversy and innuendo directed at government officials, and that copies of the Note may be viewed by anyone with the means to travel to Washington, D.C. But because I am aware of the great concern Mrs. Foster has in the Note, I will do nothing that might curtail appellate review of my January 5, 1995 Order.

### CONCLUSION

For the reasons discussed above, the motion to intervene in the action numbered 94 Civ. 0527, for which I granted summary judgment on January 5, 1995, is granted under Rules 24(a) and (b) of the Federal Rules of Civil Procedure.

---

**2.** Rule 24(b) states: Upon timely application, anyone may be permitted to intervene in an action ... (2) when an applicant's claim or defense and the main action have a question of law

or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The Clerk of the Court is directed to enter judgment in accordance with this Opinion granting Lisa Foster's motion as a defendant-intervenor.

**SO ORDERED.**