NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0432n.06

No. 10-5164

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

SUZANNE C. CLARKE; CONISE DILLARD,     )
On behalf of themselves and all others similarly  )
situated,     )
     )
       Plaintiffs,     )
     )
       and     )
     )
ANNA BACHELDER,     )
     )
       Intervenor Plaintiff-Appellant,     )
     )
       v.     )
     )
BAPTIST MEMORIAL HEALTHCARE     )
CORPORATION; METHODIST HEALTHCARE,     )
     )
       Defendants - Appellees.     )
     )

FILED

*Jun 29, 2011*

LEONARD GREEN, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

BEFORE: COLE, McKEAGUE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Anna Bachelder appeals an order of the district court denying her motion to intervene. We affirm.

I.

Plaintiffs registered nurses Suzanne Clarke and Conise Dillard filed this antitrust suit against

defendants Baptist Memorial Healthcare Corporation and Methodist Healthcare of Memphis,

Tennessee, on behalf of "[a]ll persons employed by any defendant or co-conspirator to work in a hospital in the Memphis [area] as [a registered nurse] at any time from June 20, 2002 until the present," alleging that defendants illegally conspired to depress the wages paid to registered nurses in Memphis-area hospitals in violation of Section 1 of the Sherman Act by regularly exchanging detailed, non-public data about the compensation each is paying or will pay its registered nurses; by not competing with each other over compensation; by paying all registered nurses nearly the same; and by jointly recruiting registered nurses to avoid competition.

From the outset of the litigation, there was some concern that Suzanne Clarke would not be able to adequately represent the class because she had worked for the Nurse Alliance, an advocacy group affiliated with the Service Employees International Union ("SEIU"). (Memorandum in Support of Motion to Intervene at 1 (noting that counsel knew of this potential conflict "[f]rom the outset of this litigation").) That concern deepened when, during her deposition, Clarke "declared that she would resist any monetary settlement in this case if it did not also reduce the nurse-to-patient ratio in Memphis-area hospitals," which was a primary goal of the Nurse Alliance and the SEIU. *Clarke v. Baptist Mem'l Healthcare Corp.*, 264 F.R.D. 375, 377 (W.D. Tenn. 2009).

The other named plaintiff, Conise Dillard, began as a viable candidate to serve as a class representative. In August 2007, however, Dillard filed for bankruptcy protection, raising questions regarding her adequacy. Although the deadline to add parties was August 28, 2007, plaintiffs waited until January 4, 2008, to file a motion to amend the scheduling order to add Anna Bachelder, a member of the plaintiff class, as a party. *Clarke*, 264 F.R.D. at 377. However, on February 13,

2008, the magistrate judge denied the motion as untimely, concluding that "Plaintiffs have not affirmatively demonstrated that they acted with due diligence in seeking to amend the scheduling order." Plaintiffs claim that they recognized that Dillard's bankruptcy could pose an adequacy problem, but they did not think it was fatal, mostly because Dillard possessed an exemption that would allow her to personally recover at least a portion of any settlement in this case.

Plaintiffs thereafter proceeded to litigate their motion for class certification with Clarke and Dillard as the named plaintiff putative class representatives. On September 4, 2009, the district court denied the motion for class certification on the basis that Clarke and Dillard were inadequate class representatives. The district court based its ruling on Clarke's testimony, her former affiliation with SEIU, and Dillard's bankruptcy. Thereafter, on September 18, 2009, Bachelder filed the motion to intervene at issue in this appeal. The district court denied the motion as untimely because "three [of the five timeliness factors] weigh strongly in favor of finding that the intervention motion is untimely"; "one factor . . . moderately tilts in favor of finding the motion untimely"; and the "final factor, the point to which the suit has progressed, emphasizes the tardiness of Bachelder's motion." *Clarke*, 264 F.R.D. at 382.

Bachelder timely appeals.

## II.

Bachelder argues that the district court abused its discretion in three ways: (1) it applied the wrong legal standard for timeliness by requiring her to intervene at the first sign that defendants could challenge both named class representatives' adequacy, rather than after it became "clear" that

her interests would no longer be protected by the named class representatives; (2) it relied on erroneous findings of fact regarding Clarke's and Dillard's adequacy in determining that her motion to intervene was untimely; and (3) it misapplied the standards for timeliness by not finding that the balance of the timeliness factors weighed in favor of granting her motion to intervene." We address these claims in turn.

A.

Under Fed. R. Civ. P. 24(a), intervention is proper where: (1) the application is timely; (2) the applicant's legal interest in the case is substantial; (3) absent intervention, the applicant's ability to protect her interest will be impaired; and (4) the parties already before the court cannot adequately represent the applicant's interests. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000). At issue here is the timeliness of the motion to intervene, which we assess by considering: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of her interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after she knew or reasonably should have known of her interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir. 1984). We review a district court's decision regarding the timeliness of a motion to intervene for an abuse of discretion. *Stupak-Thrall*, 226 F.3d at 471.

Bachelder claims that the district court applied the wrong legal standard under the third timeliness factor because it found that she failed to intervene once she was "aware of significant and potentially fatal obstacles to the adequacy of Clarke and Dillard" as potential class representatives rather than after it became "*clear* . . . that her interests [we]re not being protected adequately by the named plaintiff." In support of this argument, Bachelder relies on *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977), where a class of airline stewardesses challenged a rule requiring them, but not stewards, to remain unmarried as a condition of employment. After the named plaintiffs failed to appeal the trial court's denial of their request for class certification, McDonald, a member of the plaintiff class, filed a motion to intervene for purposes of prosecuting the appeal. The Supreme Court eventually granted certiorari on the timeliness question, and held that McDonald's motion was timely because "as soon as it became clear to [her] that the interests of the unnamed class members would no longer be protected by the named class representatives, she promptly moved to intervene to protect those interests." 432 U.S. at 394.

We find Bachelder's reliance on *McDonald* misplaced. Here, the district court's determination that Bachelder was "aware of significant and potentially fatal obstacles to the adequacy of Clarke and Dillard as potential class representatives" on August 28, 2007, *Clarke*, 264 F.R.D. at 379, and thus reasonably should have known of her interest in the case at that time for purposes of filing a motion to intervene, is not inconsistent with the Supreme Court's finding in *McDonald*. The *McDonald* Court was not setting an "it must be clear that an intervenor's interests are not being adequately protected" standard; it was applying the "reasonably should have known

- 5 -

of one's interest in the case" standard to the facts of the case.[1]  *See also Triax Co.*, 724 F.2d at 1229

(finding a motion timely where "[the patent owner], upon learning of [the plaintiff's] decision not

to appeal the judgment rendering the two patents invalid, promptly sought to file for intervention");

*Jansen v. City of Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1990) (finding a motion timely because it

was filed shortly after "[t]he City's arguments in response to plaintiffs' summary judgment motion

. . . alerted the proposed intervenors that their interest was not being adequately protected.").

Contrary to Bachelder's contention, it was not necessary for Clarke's and Dillard's alleged

conflicts to have compelled the conclusion that they were inadequate representatives, or for the

district court to have decided as much, before she should have intervened.  Rather, as the district

court correctly stated, Bachelder should have intervened when she knew or reasonably should have

known of her interest.  *See Michigan Ass'n for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th

Cir. 1981); *cf.*, *e.g.*, *In re Troutman Enters., Inc.*, 286 F.3d 359, 365 (6th Cir. 2002) (finding a

motion to intervene untimely where "[t]he Trustee began contesting the Shareholders' standing

. . . thereby notifying the reorganized Troutman Enterprises *of the possibility* that its Shareholders

*might not* be able to adequately protect its interests") (emphases added); *In re Sonus Networks, Inc.*

*Sec. Litig.*, 229 F.R.D. 339, 346 (D. Mass. 2005) (holding that a motion to intervene was untimely

---

[1] Indeed, the former Fifth Circuit's decision in *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977) cited *McDonald* for the proposition that courts should consider "[t]he length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene."  *Id.* at 264.  And this court, in turn, cited *Stallworth* for that proposition in *Michigan Ass'n for Retarded Citizens* when it laid out the third step of the timeliness analysis applied by the district court in this case.  *Michigan Ass'n for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981).

because class counsel and the intervenor had ample "notice that there was a real risk that class certification would be denied"). Accordingly, we reject Bachelder's claim that the district court abused its discretion by applying the wrong legal standard for timeliness.

B.

Next, Bachelder argues that the district court abused its discretion by relying on clearly erroneous "finding[s] of fact when it found that [she] should have known that her interests were unprotected." *See generally Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 480-81 (6th Cir. 1996). This argument has two parts, neither of which is persuasive.

First, Bachelder asserts that the district court's conclusion that "Dillard's bankruptcy filing somehow created obligations to her creditors that conflicted with her obligations as a class representative" is a clearly erroneous finding of fact. However, this was not a *fact* relied on by the district court in making its determination that the motion to intervene was untimely; it was part of the district court's *legal conclusion* regarding Dillard's adequacy as a class representative, which plaintiffs have not appealed. The only facts relevant to whether Bachelder should have known of her interest because of Dillard's potential conflict are (1) before the deadline to add additional parties, Bachelder's counsel learned that Dillard had filed for bankruptcy; (2) Bachelder's attorneys "researched" the implications of Dillard's bankruptcy and concluded "that Defendants had potential avenues for challenging Ms. Dillard's adequacy as a class representative" because of it; and (3) "[o]ut of an abundance of caution," Bachelder's counsel filed a motion for leave to amend the

scheduling order to add Bachelder as a plaintiff. These facts are undisputed, and the district court did not abuse its discretion in relying upon them.

Second, Bachelder claims that the district court's determination that Clarke's testimony showed that she would not accept a settlement that was purely monetary was clearly erroneous. In support of this argument, Bachelder quotes Clarke's deposition testimony at length and opines that the only "fair characterization of [that testimony] . . . is that [Clarke] would refuse an individual settlement, or refuse any monetary settlements that provided too little back pay to deter future collusion or that were unaccompanied by an agreement to stop fixing wages." However, because Clarke was asked "If you were confronted with choosing whether or not to take a monetary settlement in this case that did not impact the nurse-to-patient ratio, could you accept that?" and she responded "No, I would not," the district court's determination that Clarke would not accept a settlement that was purely monetary was not clearly erroneous.

C.

Finally, Bachelder asserts that the district court abused its discretion by "not finding that the balance of the timeliness factors weighed in favor of granting [her] motion to intervene" because it failed to consider "the purpose for which intervention was sought" and improperly analyzed "the point to which the suit has progressed" and "the prejudice to the original parties." We disagree. Bachelder is correct that the district court should have evaluated the "purpose of intervention" in terms of the importance of the legal interests asserted, *see Blount-Hill v. Zelman*, 636 F.3d 278, 285 (6th Cir. 2011), rather than simply concluding that the factor weighed "strongly against a finding of

timeliness" because Bachelder and her attorneys had not made maintaining a viable class representative "a first priority." *Clarke*, 264 F.R.D. at 380. However, the district court reasonably analyzed the "point to which the suit has progressed,"[2] as well as "the prejudice to the original parties."[3] Given the totality of the circumstances, including the facts that Bachelder employed the same counsel as Clarke and Dillard, failed to gain admission as a party through amendment of the scheduling order because of a lack of diligence, and waited many months until after the close of class-certification discovery and a decision on the merits of certification before seeking to intervene, we hold that the district court did not abuse its discretion in ruling that Bachelder's motion to intervene was untimely.

III.

For these reasons, we affirm the order of the district court.

---

[2]The district court found that "several important litigation milestones have passed," e.g., during the three years between the filing of Clarke's and Dillard's complaint and Bachelder's motion to intervene, it had denied defendant's motion to dismiss; set a deadline for joining additional parties, which elapsed; scheduled discovery as to class certification, which closed; and denied plaintiffs' request for class certification. *Clarke*, 264 F.R.D. at 379.

[3]The district court noted that Bachelder admitted that upon intervention she anticipated (i) filing a renewed motion for class certification, (ii) filing a report by a new expert, and (iii) seeking an alternative certification of another class. *Clarke*, 264 F.R.D. at 380-81. It also found that the timing of the motion would force defendants to "start from scratch" on class certification, while plaintiffs would gain "the benefit of hindsight," having already seen the arguments in opposition, the district court's "prior order denying class certification," and "the orders of other courts in related litigation around the country." *Id.*