**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0655n.06

Case No. 14-2433

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 25, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| STUART ROBBENNOLT, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| HEIDI WASHINGTON, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, SUTTON, and COOK, Circuit Judges.

COOK, Circuit Judge. Because this court's decision in *Abbott v. Michigan*, 474 F.3d 324 (6th Cir. 2007), resolves the precise question this case poses, we follow *Abbott* and reverse.

A Michigan court ordered Stuart Robbennolt to direct General Motors to forward his pension benefits to his current residence—a Michigan state prison—to be used to defray the costs of his incarceration. Robbennolt accordingly notified GM, and Michigan seized 90% of the forthcoming benefits. Several years later, Robbennolt sued the warden in federal district court, seeking return of the seized benefits. As was true in *Abbott*, we hold that the district court lacked authority to alter or amend the state court's judgment. We therefore REVERSE the judgment of the district court and REMAND for proceedings consistent with this opinion.

I.

Michigan's State Correctional Facility Reimbursement Act (SCFRA) facilitates reimbursement from its prisoners for their incarceration costs. *See* Mich. Comp. Laws §§ 800.401–06. The statutory scheme anticipates a complaint by the attorney general, a hearing, and, if "the prisoner has any assets which ought to be subjected to the claim of the state," an order allowing Michigan to appropriate those assets. *Id*. at § 800.404(3).

In accordance with these procedures, the Shiawassee County Circuit Court ordered Robbennolt "to notify General Motors Corporation, within one week . . . that all pension benefits shall be mailed by check made payable to Stuart R. Robbennolt at the Richard A. Handlon Correctional Facility." Shortly thereafter, the attorney general mailed a change-of-address notice to GM and attached a separate, signed authorization form from Robbennolt.[1] GM then mailed a monthly pension check to Robbennolt at his prison address, and the warden, pursuant to the state-court order, distributed 90% to the state of Michigan to offset the cost of Robbennolt's incarceration. Six years later, Robbennolt sued the warden in federal district court, alleging that the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1144(a), 1056(d)(1), preempts Michigan's SCFRA and seeking return of his benefits.

Initially, the district court determined that the *Rooker-Feldman* doctrine barred Robbennolt's claim, finding that Robbennolt's injury arose out of the state court's decision and was therefore unreviewable in federal court

Upon Robbennolt's motion under Rule 60(b), however, the court vacated its summary-judgment order and directed the warden to disgorge Robbennolt's pension benefits. This time,

---

[1] Robbennolt's change-of-address form was not before the court when it ruled on the warden's motion for summary judgment or Robbennolt's motion to vacate.

the court waved off the *Rooker-Feldman* doctrine, focusing instead on a district-court decision, *Gale v. General Motors*, 556 F. Supp. 2d 689 (E.D. Mich. 2008). In *Gale*, a declaratory judgment action by GM against Michigan, the court held that valid authority to redirect prisoners' benefits lay solely with the prisoners, not with Michigan or GM. *Id.* at 692.

But after learning that Robbennolt himself authorized the address change—the Michigan attorney general's notice to GM included Robbennolt's signed change-of-address form—the warden moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), urging that *Gale* does not apply to prisoners who elect to receive benefits at their prison addresses. The district court denied the motion, and the warden timely appealed.

## II.

The warden appeals both the grant of Robbennolt's motion for relief from judgment and the denial of her own motion to alter or amend the judgment. We review for abuse of discretion. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542 (6th Cir. 2004); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Narrow but potent, the *Rooker-Feldman* doctrine bars federal review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). So long as the plaintiff's injury arises from the state court's judgment, the doctrine applies. *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007). Even injuries caused by third-party actions—say, the conversion of pension benefits by state officials—are beyond federal review, provided that they "are the product[s] of a

state court judgment." *Id*. at 329 (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)). Challenging such actions "challenge[s] . . . the [state-court] judgment itself." *Id*.

Using this framework, *Abbott* held that Michigan prisoners bound by state-court orders to redirect their pension benefits to their prison addresses may not seek return of those benefits in federal court. *Id*. ("[T]he plaintiffs' claims of specific injuries that they have suffered are actually challenges to the state-court SCFRA judgments and are barred by the *Rooker-Feldman* doctrine."). *Abbott* remains the law of this circuit and controls this case.

Facing binding precedent, Robbennolt casts about for an independent, non-state-court source for his pension deprivation. He cites us to *Gale*. *Gale,* however, stopped Michigan from ordering GM to send benefits to addresses "other than as designated" by plan participants. 556 F. Supp. 2d at 692. Inasmuch as Robbennolt, as plan participant, *did* designate that his checks go to the prison address, *Gale* matters not.[2] And because Robbennolt signed the change-of-address form "[p]ursuant to the attached Final Order of the [Shiawassee County Circuit] Court entered May 11, 2006," the pension appropriation is "the product of [that] state court judgment."[3] *Abbott*, 474 F.3d at 329 (quoting *McCormick*, 451 F.3d at 394). As *Abbott* instructs, we do not review such judgments.

Robbennolt may well be correct that ERISA's anti-alienation provision, *see* 29 U.S.C. § 1056(d), should prohibit Michigan from obtaining state-court orders forcing prisoners to receive pension benefits at their prison addresses. *Compare DaimlerChrysler Corp. v. Cox*,

---

[2] If anything, *Gale* bolsters Michigan's arguments. Although the district court granted GM relief, it dismissed Gale's complaint under the *Rooker-Feldman* doctrine and Michigan's doctrine of res judicata. *Gale*, 556 F. Supp. 2d at 693–94.

[3] Robbennolt's assertion that he involuntarily signed the change of address form is similarly unreviewable. Robbennolt calls his change-of-address form "court-ordered" or "court-compelled," *i.e.*, the product of a state-court judgment. Challenging the form challenges the underlying judgment.

447 F.3d 967, 976 (6th Cir. 2006) (holding that certain SCFRA notices to plan administrators violate ERISA's anti-alienation provision), *with State Treasurer v. Abbott*, 660 N.W.2d 714, 724 (Mich. 2003) ("The federal prohibition on alienation and assignment of pension benefits is not violated where an inmate is directed to receive pension benefits at his own address."). But the state court issued such an order, and we must leave it undisturbed. *See Abbott*, 474 F.3d at 328.

A final point. The primacy of *Rooker-Feldman* in the parties' appellate briefs focused our analysis here on that doctrine. But though *Abbott*'s application of *Rooker-Feldman* controls this case, so too does *Abbott*'s application of res judicata principles. *Abbott*, 474 F.3d at 332 (applying claim preclusion because "SCFRA proceedings generally provide prisoners a full and fair opportunity to litigate any of their claims"). And given the Supreme Court's recent teaching regarding *Rooker-Feldman*'s narrow reach, *see Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (citing *In re Smith*, 349 F. App'x 12, 18 (6th Cir. 2009) (Sutton, J., concurring in part and dissenting in part)), we emphasize that res judicata too bars Robbennolt's claim.

Because the district court abused its discretion in failing to recognize *Abbott* as binding and indistinguishable precedent, we REVERSE the court's judgment and REMAND for proceedings consistent with this opinion.