NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0089n.06

Case No. 14-5906

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 10, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SUZANNE C. CLARKE; CONISE DILLARD, on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiffs, | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| and | ) | TENNESSEE |
| | ) | |
| KEITH M. IVY; ELIZABETH MASON, | ) | |
| | ) | |
| Intervenors–Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAPTIST MEMORIAL HEALTHCARE CORPORATION; METHODIST HEALTHCARE, | ) ) ) | |
| | ) | |
| Defendants–Appellees. | ) | |
| | ) | |

Before:  SILER, GIBBONS, and ROGERS, Circuit Judges.

**SILER**, Circuit Judge. In this putative class action, Keith Ivy and Elizabeth Mason appeal from the district court's order denying their motions to intervene for the purpose of appealing the denial of class certification. For the reasons stated below, we **REVERSE** the district court's decision and **REMAND** for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2006, two registered nurses ("RNs"), Suzanne Clarke and Conise Dillard, filed suit against Baptist Memorial Healthcare Corporation ("Baptist") and Methodist Healthcare of

Memphis, Tennessee ("Methodist"), on behalf of themselves and "[a]ll persons employed by any defendant or co-conspirator to work in a hospital in the Memphis [metropolitan area] as an RN at any time from June 20, 2002[,] until the present." In their complaint, Clarke and Dillard alleged that the defendants violated the Sherman Act by conspiring with other Memphis-area hospitals to depress the wages of RNs below competitive market levels and to share compensation information. Once litigation commenced, concerns arose that the original named plaintiffs could not adequately represent the class. After a failed attempt to amend the scheduling order's deadline to add additional parties, the district court denied class certification on the basis of adequacy. Anna Bachelder then filed a motion to intervene for the purpose of acting as a class representative, which the district court denied as untimely. We affirmed. *See Clarke v. Baptist Mem'l Healthcare Corp.*, 427 F. App'x 431, 437 (6th Cir. 2011).

On remand, Baptist and Methodist moved the district court to order Clarke and Dillard to participate in mediation, as required in a prior scheduling order. Dillard opposed this motion, stating that she intended to "litigat[e] her claim to judgment[,] following which she w[ould] appeal the denial of class certification." Clarke then voluntarily dismissed her individual claims, and the court ordered mediation. In June 2013, the district court noted on the docket that Dillard and the defendants had reached a tentative settlement on all remaining claims. In August 2013, a joint stipulation of dismissal was filed, and the district court subsequently entered an order of dismissal and a final judgment.

Nineteen days after the entry of judgment, Ivy filed a motion to intervene as a plaintiff for the purpose of appealing the denial of class certification. Mason then filed a motion to intervene a week after Ivy, and they filed a joint notice of appeal. The district court subsequently denied the motions for lack of jurisdiction. After Mason and Ivy sought to intervene in this court,

Case No. 14-5906
*Suzanne Clarke, et al. v. Baptist Memorial Healthcare Corp., et al.*

the case was remanded for consideration of the matter in the first instance. The district court then denied intervention as untimely, and Mason and Ivy appealed the orders denying class certification and their motions to intervene.

This court dismissed the appeal of the class-certification order, limiting the issues now before us to whether the district court abused its discretion in denying Mason's and Ivy's motions to intervene. We held that, because Mason and Ivy never became parties to the case, we lack jurisdiction to review any decision except the denial of intervention.

## STANDARD OF REVIEW

When a district court denies a motion under either Federal Rule of Civil Procedure 24(a) or 24(b) on timeliness grounds, we review its decision under the abuse of discretion standard. *Velsicol Chem. Corp. v. Enenco, Inc.*, 9 F.3d 524, 531 (6th Cir. 1993) (citing *NAACP v. New York*, 413 U.S. 345, 366 (1973); *Michigan Ass'n for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981)). A district court may abuse its discretion by failing to recognize the controlling nature of a case or by distinguishing it on insufficient grounds. *See Robbennolt v. Washington*, No. 14-2433, 2015 WL 5637563, at *3 (6th Cir. Sept. 25, 2015).

## DISCUSSION

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Rule 24(a) grants the right to intervene, "[o]n timely motion," to any individual that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This rule "require[s] an applicant to show that: 1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without

- 3 -

intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). On the other hand, Rule 24(b) gives a court discretion to allow an individual that "has a claim or defense that shares with the main action a common question of law or fact" to intervene, provided that the request was made "[o]n timely motion," and the court "consider[s] whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Under both subsections of Rule 24, an individual seeking relief must make a timely motion to intervene. *NAACP*, 413 U.S. at 365.

Mason and Ivy argue that the Supreme Court's decision in *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), controls the issue of timeliness in the present case. Baptist and Methodist respond that the district court acted within its discretion in distinguishing *McDonald*.

*McDonald* arose from a class action gender discrimination suit brought by a flight attendant on behalf of herself and others who were terminated pursuant to an airline policy requiring female flight attendants "to remain unmarried as a condition of employment." *McDonald*, 432 U.S. at 387–88. The district court denied class certification on numerosity grounds and certified an interlocutory appeal of its order, but the Seventh Circuit declined to hear the appeal. *Id.* at 388. The named plaintiffs ultimately settled their individual claims. *Id.* at 389. Within thirty days of the entry of judgment, a member of the putative class who knew of the challenge to the policy filed a motion to intervene for the purpose of appealing the denial of class certification. *Id.* at 389–90.

The Supreme Court held that the motion to intervene was timely. *Id.* at 393−96. After noting that the named plaintiffs could have appealed the denial of class certification after final judgment, the Court reasoned that "[t]he critical fact . . . is that once the entry of final judgment

made the adverse class determination appealable, the respondent quickly sought to enter the litigation" and concluded that the motion to intervene was made "as soon as it became clear to the respondent that the interests of the unnamed class members would no longer be protected by the named class representatives." *Id.* at 394. The Court further reasoned that

> [a] rule requiring putative class members who seek only to appeal from an order denying class certification to move to intervene shortly after entry of that order would serve no purpose. Intervention at that time would only have made the respondent a superfluous spectator in the litigation for nearly three years, for the denial of class certification was not appealable until after final judgment. Moreover, such a rule would induce putative class members to file protective motions to intervene to guard against the possibility that the named representatives might not appeal from the adverse class determination. The result would be the very "multiplicity of activity which Rule 23 was designed to avoid."

*Id.* at 394 n.15 (citations omitted). When a party seeks to intervene "for the purpose of appeal," the Court held that the "critical inquiry . . . is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment." *Id.* at 395–96. The motion to intervene was timely because "the respondent filed her motion within the time period in which the named plaintiffs could have taken an appeal." *Id.* at 396.

At the outset, the parties agree that *McDonald* does not establish a per se rule "that a motion to intervene is always timely under *McDonald* if it is filed within thirty days of final judgment." Although one court of appeals appears to have adopted such a rule, *see Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997) ("[S]o long as the motion to intervene is filed within the time within which the named plaintiffs could have taken an appeal, the motion is timely as a matter of law."), others have interpreted *McDonald* to afford the district court some level of discretion in ruling on post-judgment motions to intervene, *see, e.g., Larson v. JPMorgan Chase & Co.*, 530 F.3d 578, 583 (7th Cir. 2008) (Posner, J.) ("We do not read [*McDonald*] as establishing an inflexible rule that a motion to intervene in a class action to

- 5 -

appeal an earlier order in that action is always timely provided it is filed shortly after the final judgment in the class action."); *Dow Jones & Co. v. U.S. Dep't of Justice*, 161 F.R.D. 247, 251−52 (S.D.N.Y. 1995) (Sotomayor, J.) (finding that "the rule enunciated in [*McDonald*] . . . supplement[s], rather than supplant[s]," general timeliness considerations). The latter view is better reasoned, as intervention has traditionally been a matter within a trial court's discretion, *see Bhd. of R.R. Trainmen v. Balt. & Ohio R.R. Co.*, 331 U.S. 519, 524 & n.5 (1947), and *McDonald* explicitly accounted for the need to consider "all the circumstances" attendant to a motion to intervene, 432 U.S. at 395–96.

Nevertheless, Mason and Ivy contend that the district court abused its discretion by failing to faithfully apply *McDonald*. As Baptist and Methodist maintain, it is true as a general matter that "*McDonald* does not strip a district court of its discretion to determine the timeliness of a motion to intervene." Nonetheless, the scope of this discretion is limited by *McDonald*'s holding, *see Agostini v. Felton*, 521 U.S. 203, 237–38 (1997), and a district court abuses its discretion if it "fail[s] to recognize" a binding precedent or if it attempts to distinguish a controlling case on insufficient grounds, *Robbennolt*, 2015 WL 5637563, at *3. Moreover, even if *McDonald*'s reasoning does not comport with principles espoused in other cases, the Supreme Court has advised circuit and district courts to follow it in instances in which it directly applies unless and until the decision is overruled. *See Agostini*, 521 U.S. at 237.

Mason and Ivy concede that they may only intervene, if at all, to appeal the denial of class certification on the issue of Clarke's and Dillard's adequacy—that is, at most, Mason and Ivy would be able to "step into the shoes of the named [p]laintiffs." In light of this limited purpose, they argue that *McDonald* creates a *presumption* that an unnamed class member's motion to intervene for purposes of appealing a denial of class certification is "timely so long as

'the motion . . . is filed within the time [in] which the named plaintiffs could have taken an appeal.'" To the extent that adopting such a presumption would shift the burden of production to the party opposing intervention, however, it is at odds with existing law placing the burden on the proposed intervenor. *See Johnson v. City of Memphis*, 73 F. App'x 123, 131 (6th Cir. 2003).

Nonetheless, as the Seventh Circuit has recognized, *McDonald* established "the *general* rule" that putative class members like Mason and Ivy "can delay filing [their] motion[s] to intervene to appeal the denial of certification of [the] class until the final judgment is entered." *Larson*, 530 F.3d at 583. Several courts have acknowledged exceptions to this general rule or have otherwise identified scenarios where *McDonald* does not control. *See, e.g.*, *id.* (recognizing exceptions when the proposed intervenor's goal "was not to obtain class certification" and "when the named plaintiff has lost *on the merits* at an early stage in the litigation and could but does not seek an immediate appeal" (emphasis added)); *Lusardi v. Xerox Corp.*, 975 F.2d 964, 985 (3d Cir. 1992) (distinguishing *McDonald* when the proposed intervenor "did not seek to intervene in order to appeal the denial of class certification"); *First Interstate Bank of Nevada, N.A. v. Chapman & Cutler*, 837 F.2d 775, 782 (7th Cir. 1988) (distinguishing *McDonald* when the suit had not progressed "far enough to affect the rights of other class members" at the time the motion to intervene was made); *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 501 (3d Cir. 1982) (distinguishing *McDonald* when proposed intervenors were not included in the certified class and "did not seek intervention until long after they should have realized" that fact).

The district court attempted to distinguish *McDonald* on the grounds that Clarke and Dillard, unlike the representative plaintiffs in *McDonald*, did not seek an interlocutory appeal of the denial of class certification. The court also reasoned that *McDonald* did not apply because

Rule 23(f) subsequently removed the requirement that the district court certify an interlocutory appeal from the denial of class certification. As discussed below, neither of these rationales is sufficient to materially distinguish *McDonald*.

First, the fact that Clarke and Dillard did not attempt an interlocutory appeal does not move this case outside of *McDonald*'s ambit. *Larson*—a case the district court relied on— explicitly rejected this argument:

> The fact that the named plaintiff in a class action suit does not try to take an immediate appeal from the denial of class certification does not alert members of the shadow class that he is abandoning them; he may want to wait and see how he does on the merits of the suit before deciding whether to challenge the denial of certification, since if he loses on the merits and does not have a good shot at getting a reversal he will have nothing to gain from seeking to certify a class. (A member of the class may disagree about the likelihood of a reversal on the merits, however, and therefore want to intervene both to challenge the final judgment and to obtain class certification.)

*Larson*, 530 F.3d at 583. This reasoning is persuasive. Good reasons may exist for named plaintiffs to forgo an interlocutory appeal from the denial of class certification; such a decision does not necessarily indicate that the named plaintiffs will not pursue the issue on appeal or that they are otherwise giving up on certification. Thus, the named plaintiffs' decision not to attempt an interlocutory appeal does not, as a general matter, warrant departure from *McDonald*. And the district court did not provide an explanation particular to the facts of this case as to why Clarke's and Dillard's decision would have put other members of the putative class on notice that the denial of certification would not be appealed.

Likewise, the fact that Rule 23(f) altered the procedure for interlocutory appeals of denials of class certification after *McDonald* does not provide an adequate basis for distinguishing the case. At the time *McDonald* was decided, litigants could use 28 U.S.C. § 1292(b) to obtain interlocutory appeals from denials of class certification, but the statute

required the district court to exercise its discretion and certify the appeal. *See* Alan J. Howard & Cary I. Klafter, Note, *Appealability of a Class Action Dismissal: The "Death Knell" Doctrine*, 39 U. Chi. L. Rev. 403, 407–08 (1972). Currently, Rule 23(f) provides that "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered." This rule gives the court of appeals "broad discretion to grant or deny" an interlocutory appeal from a denial of class certification, and "any pertinent factor may be weighed in the exercise of that discretion." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002) (per curiam). Rule 23(f) appeals are not routinely granted; they are "the exception, not the norm." *Id.* at 959−60. Therefore, Rule 26(f)'s removal of the district court approval process did not change the relevant principle upon which *McDonald* relied: a denial of class certification is "not reviewable *as of right* until after entry of final judgment." *McDonald*, 432 U.S. at 388 n.4 (emphasis added). That the district court no longer needs to certify the appeal is immaterial.

Moreover, the district court's analysis is at odds with the Supreme Court's admonition that "[a] rule requiring putative class members who seek only to appeal from an order denying class certification to move to intervene shortly after entry of that order would serve no purpose" because it would require them to join the suit as mere "superfluous spectator[s]." *Id.* at 394 n.15; *see also Fine Paper*, 695 F.2d at 501 (noting that "motions to intervene that simply make the intervenor a 'superfluous spectator' are to be discouraged" because they are "premature and possibly unnecessary"). Under this court's prior ruling, Mason and Ivy would not have been permitted to intervene to participate as class representatives after the district court denied class certification. *See Clarke*, 427 F. App'x at 434–37. Nevertheless, the district court's reasoning would have required them to intervene after Clarke and Dillard did not seek an appeal under

Rule 26(f), a circumstance that would have only become known after the time for such an appeal had passed. Had they done that, however, Mason and Ivy would have merely participated as "superfluous spectator[s]" during the nearly four years that elapsed between the denial of class certification and the entry of final judgment in order to preserve their ability to appeal the certification determination.[1]

In addition, Baptist and Methodist argue that the district court did not err in applying *McDonald* because this court previously considered the decision in determining that Bachelder's motion to intervene was untimely, and Mason's and Ivy's attempt to distinguish their purpose in intervening from Bachelder's "gets them nowhere." The defendants contend that Ivy and Mason cannot avoid the same analysis "by narrowly defining their interest as limited to appealing the denial of class certification." Neither *McDonald* nor subsequent decisions from this circuit bear this principle out. *McDonald* explicitly recognized that unnamed plaintiffs may intervene "for the *purpose of appeal*," including for the purpose of appealing a denial of class certification. 432 U.S. at 395 (emphasis added); *see also Marino v. Ortiz*, 484 U.S. 301, 303−04 (1988) (per curiam) (recognizing that a non-party may intervene for the limited purpose of taking an appeal); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 348 n.1 (1983) (same). We have also recently reaffirmed that Rule 24 permits "limited-in-scope intervention," including intervention "for the limited purpose of appeal." *City of Detroit*, 712 F.3d at 931−32 (citing *McDonald*, 432 U.S. at 394). The purpose of intervention is a substantial factor to consider in making a timeliness

---

[1] Baptist's and Methodist's contrary argument that Mason and Ivy "could have actively participated in the case even if they could not have immediately petitioned for appeal under Rule 23(f)" lacks merit in light of our prior decision in this case. Bachelder attempted to intervene after the denial of certification for the purpose of participating as a class representative, but her motion was untimely. *See Clarke*, 427 F. App'x at 435, 437. Had Mason and Ivy attempted to intervene at that time without limiting their purpose to pursuing an appeal of class certification, their motions would have been properly denied on the same grounds. Thus, the district court's reasoning would have required Mason and Ivy to intervene for the limited purpose of appeal after the denial of class certification, making them mere spectators in the litigation until final judgment.

determination, and an individual's limited purpose in intervening may make an otherwise inexcusable delay reasonable under the circumstances. *See Stupak-Thrall v. Glickman*, 226 F.3d 467, 479 n.15 (6th Cir. 2000) (noting that courts should consider "whether the lack of an earlier motion to intervene should be excused, *given the proposed intervenor's purpose*," as "when [a] proposed intervenor seeks to intervene late in the litigation to ensure an appeal" (emphasis added)).

At first blush, it may seem confounding that Bachelder's attempt to intervene was too late, while Mason's and Ivy's motions were timely. After all, Bachelder filed her motion long before Mason and Ivy sought to enter the case. The crucial difference, however, is that Mason and Ivy sought intervention for the limited purpose of appealing the denial of class certification, while Bachelder attempted to intervene to participate as a class representative in her own right. When an unnamed class member seeks intervention for the limited purpose of appealing the denial of class certification, the relevant inquiry under *McDonald* is whether the motion was made within a reasonable time after the proposed intervenor should have known that "the class representative [wa]s not planning to appeal the denial of class certification." *Roe v. Town of Highland*, 909 F.2d 1097, 1099 (7th Cir. 1990); *see also Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (citing *Roe* with approval). In considering Bachelder's motion, the proper inquiry was whether she attempted to intervene once she became "aware of significant and potentially fatal obstacles to the adequacy of Clarke and Dillard as potential class representatives" because she sought to intervene *to act as a named representative*, rather than for the limited purpose of appealing the denial of class certification. *Clarke*, 427 F. App'x at 435.[2] In short, because Mason

---

[2] Likewise, the other cases the defendants rely on in attempting to distinguish *McDonald* did not concern an unnamed member of a putative class intervening for the limited purpose of appealing the denial of class certification. *See Larson*, 530 F.3d at 583 (distinguishing *McDonald* where the proposed intervenor's "goal in seeking to intervene was not to obtain class certification"); *Jones v. Caddo Par. Sch. Bd.*, 735 F.2d 923, 926 (5th

and Ivy sought to intervene only to appeal the denial of class certification, their attempts to intervene present a scenario materially different from Bachelder's.

Baptist and Methodist also contend that *McDonald* is distinguishable because the named plaintiffs in this case were found to be inadequate representatives, while the district court in *McDonald* denied class certification on numerosity grounds, but this argument also fails. As discussed above, *McDonald* requires unnamed class members who seek to appeal the denial of class certification to move to intervene once they should know that the named plaintiffs will not be likely to appeal. *See Roe*, 909 F.2d at 1099. The defendants have not connected Clarke's and Dillard's likelihood to appeal the denial of certification to the district court's ruling that they were inadequate class representatives. Without such a showing, the force of *McDonald*'s reasoning is not diminished. We express no opinion on whether, under other circumstances, the nature of the proposed representatives' inadequacy may put the unnamed members of a putative class on notice that the named plaintiffs would not likely appeal the denial of certification.

For these reasons, the district court erred in its treatment of *McDonald*. On the record before us, *McDonald* controls on the issue of timeliness, especially in light of its disapproval of decisions that would require intervenors to participate as "superfluous spectator[s]." *McDonald*, 432 U.S. at 394 n.15; *see also Fine Paper*, 695 F.2d at 501. The court therefore abused its discretion by "failing to recognize [*McDonald*] as binding and indistinguishable precedent." *Robbennolt*, 2015 WL 5637563, at *3. Because *McDonald* is controlling, we need not determine

---

Cir. 1984) (en banc) (considering the intervention of parties who sought to challenge a consent decree); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 260–63, 270 (5th Cir. 1977) (permitting the intervention of individuals who were not members of the certified class to challenge a consent order); *Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4688857, at *4 (D. Kan. Oct. 5, 2011) (distinguishing *McDonald* on the grounds that the proposed intervenor sought "a merits appeal, not . . . an appeal from the denial of class certification"); *Dow Jones*, 161 F.R.D. at 251−52, 254 (finding that *McDonald*'s holding is not limited to its facts and granting a motion to intervene in a non-class action case). None of these decisions provides strong support for departing from *McDonald*.

whether the court properly applied the general factors for considering timeliness discussed in *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir. 1984). And because the district court's decision rested only on the issue of timeliness, we leave it to the court to examine the remainder of Rule 24's requirements in the first instance.[3] Accordingly, we **REVERSE** the district court's determination that Mason's and Ivy's motions to intervene were untimely and **REMAND** for further proceedings consistent with this opinion.

---

[3] Our holding resolves only the timeliness issue. We express no opinion on the question of who should represent the class if the district court on remand permits intervention to appeal and the appeal is successful. That somewhat speculative question has not been briefed by the parties during this appeal; therefore we do not address it.