In the

# United States Court of Appeals
## For the Seventh Circuit

———————

Nos. 08-1045, 08-1064, 08-1170

HARRY A. LARSON, FRANK F. VILLANO, and
    ROBERT J. MURPHY, individually and
    on behalf all others similarly situated,

*Plaintiffs*,

*v.*

JPMORGAN CHASE & CO.,

*Defendant-Appellee/Cross-Appellant.*

APPEAL OF:

COLORADO PUBLIC EMPLOYEES'
RETIREMENT ASSOCIATION.

———————

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 2100—**Wayne R. Andersen**, *Judge.*

———————

ARGUED MAY 29, 2008—DECIDED JUNE 23, 2008

———————

Before CUDAHY, POSNER, and TINDER, *Circuit Judges.*

POSNER, *Circuit Judge.* The Colorado Public Employees'
Retirement Association (CoPERA) appeals from the dis-
trict judge's refusal to allow it to intervene as a plaintiff
in this class action for the purpose of appealing a three-

and-a-half-year-old order granting summary judgment against the original representatives of the class. The question is whether CoPERA was entitled to wait so long before trying to become a party.

In 2000 the three plaintiffs brought this federal securities suit on behalf of themselves and all other stock-holders who two years earlier had acquired stock in Bank One (now JPMorgan, but we'll continue to refer to the defendant as Bank One) when Bank One was created by the merger of Old Banc One and First Chicago NBD Corp. The suit charged that the prospectus for the merger transaction contained misrepresentations. The plaintiffs, along with a number of other members of the proposed class, had acquired stock in Old Banc One, converted to stock in Bank One in the merger, before the prospectus had been issued; they are called the "early purchasers" (of Bank One Stock). Other class members, the "late purchasers," had acquired stock in Bank One after the prospectus was issued; and some class members, including CoPERA, were both early and late purchasers.

In April 2004, the district judge, before certifying any class, granted summary judgment in favor of Bank One with respect to the named plaintiffs, on the ground that early purchasers could not have been harmed by misrepresentations in the prospectus. On the contrary, they had benefited, because by exaggerating the value of Old Banc One stock the misrepresentations had given the early purchasers (those investors in Bank One who paid for their Bank One stock with stock in Old Banc One) more Bank One stock than they would have gotten had it not been for the misrepresentations.

Having disposed of the early purchasers, the judge in November 2004 certified a class limited to the late pur-

chasers and appointed a member of that class to be the class representative. Villano, one of the original class representatives, invoking Fed. R. Civ. P. 23(f), asked us to review the district judge's refusal to retain him as a representative of the newly defined class, but we declined to entertain the appeal.

CoPERA had an early-purchaser claim that it tells us is worth $6 million. (It must be worth plenty, or CoPERA wouldn't have bothered with moving to intervene and appealing from the denial of the motion; it's not a professional class action plaintiff.) But it made no effort to become a party to the lawsuit until it filed the motion to intervene that is at issue in this appeal.

The class action, now limited to the late purchasers—not only had no class that included early purchasers been certified but the early purchasers' claim had been rejected on the merits by the grant of summary judgment—proceeded to pretrial discovery and settlement negotiations. In January 2007 the district judge formally notified the late purchasers of the class action and in September the parties asked the district judge to approve a $28 million settlement. He did so in December, entering a final judgment that terminated the suit. The settlement included a release of the named plaintiffs' claims, and of the late-purchaser claims of the unnamed members of the certified class, but not of the early-purchaser claims of the unnamed members of the shadow class. It was shortly after the entry of the final judgment that CoPERA moved unsuccessfully to intervene for the purpose of appealing any orders affecting the early purchasers, mainly the partial summary judgment that had been issued in 2004.

As both an early and a late purchaser, and an early purchaser with a substantial stake, CoPERA almost cer-

tainly either knew—and if it did not know it was negligent in failing to learn—back in 2004 that summary judgment had been entered dismissing the early-purchaser claims on the merits and therefore with prejudice. All doubts would have been dispelled had the district judge certified an early-purchaser class before granting summary judgment, as he should have done anyway, Fed. R. Civ. P. 23(c)(1); *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008); *Bertrand ex. rel. Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007); *Bieneman v. City of Chicago*, 838 F.2d 962, 964 (7th Cir. 1988) ("it is . . . difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits"), and gave no reason for not doing. Had he complied with the rule, there would have been no need for him and for us to determine whether a would-be class member may intervene, after final judgment, to appeal an adverse interlocutory decision that the named plaintiffs had abandoned.

It is *possible* that a large, sophisticated investor with a $6 million claim would not know that it was a member of a class in a class action suit, but it is exceedingly unlikely. The statute of limitations for the kind of securities claims involved in this case is only one year, 15 U.S.C. § 77m, so someone having such a claim would have to ascertain promptly whether he was a member of a class since if he were not he would have to file his own suit post haste to avoid being time-barred. As a sophisticated member of the late-purchaser class, CoPERA would also have known that the original named plaintiffs, at least one of whom had had an early-purchaser claim, had been dismissed as class representatives.

CoPERA is not some hapless individual who might be a member of a class in a class action suit without

knowing it because the class had not been certified and the class members therefore formally notified. Large pension funds have securities lawyers on retainer, and their lawyers would have known about and monitored the progress of the class action whether or not the fund's trustees did. CoPERA is the 23rd largest pension fund in the United States, with $38 billion in assets in 2006, www.copera.org/PERA/about/overview.stm, visited June 10, 2008. And obviously CoPERA *had* to have learned about the class action when it received the formal notice in January 2007, yet still it waited almost a year before moving to intervene.

Assuming as realism requires us to do that CoPERA knew or should have known about the class action and the summary judgment order, it could back in 2004 have moved to intervene in the district court. The motion would doubtless have been granted, as there was no longer a party pressing the early purchasers' claims; and having been allowed to intervene CoPERA could have filed a motion asking the district judge to certify his summary judgment order for an immediate appeal under Fed. R. Civ. P. 54(b). The motion would almost certainly have been granted, because there were separate parties, separate claims, and no "just reason for delay." If it hadn't been granted, or the motion to intervene had been denied, CoPERA could have filed its own early-purchaser suit; the statute of limitations had not yet run, having been tolled by the filing of this suit. The district judge would have dismissed CoPERA's suit, since he had already decided that the early-purchaser claims had no merit; and that dismissal would have opened the way to an appeal by CoPERA from a final judgment as a matter of right. 28 U.S.C. § 1291.

CoPERA's delay in seeking relief from the summary judgment probably was strategic. As a member of the late-purchaser class, as well as of the early-purchaser shadow class, it would have wanted to obtain its share of a late-purchaser judgment or settlement before bringing the early purchasers, including itself, back into the case, since their presence might delay or even derail a settlement. In fact, its attempt to intervene and its appeal from the denial of its motion have delayed the execution of the $28 million settlement.

The suit was filed within five months of the accrual of the claims, and its filing, as we mentioned, tolled the statute of limitations for unnamed class members like CoPERA, *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 550-54 (1974); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352-54 (1983); otherwise, unnamed class members, to protect their rights, would have to intervene or bring separate suits, and the economies of the class action procedure would be lost. But the limitations clock resumed ticking for the early purchasers—with only seven months remaining on the clock—when after the grant of partial summary judgment a class that excluded the early purchasers was certified, since by then it was certain that the suit would not proceed as a class action on behalf of those purchasers. See *id*. at 354; *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1298 (7th Cir. 1995); *Bridges v. Department of Maryland State Police*, 441 F.3d 197, 210-12 (4th Cir. 2006). That was in November 2004, so that the statute of limitations applicable to a suit by CoPERA would have expired in June 2005, three years ago.

A motion to intervene in order to appeal the termination of a class action (in this case, so much of the class action as sought relief for the early purchasers) is not

governed by the statute of limitations applicable to the original suit. The motion is timely if filed promptly after the entry of the final judgment in the class action—at least in a case in which, because "the named plaintiffs had attempted to take an interlocutory appeal from the order of denial at the time the order was entered, there was no reason for the respondent to suppose that they would not later take an appeal until she was advised to the contrary after the trial court had entered its final judgment." *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 393-94 (1977). That is a significant qualification, as recognized in *Jones v. Caddo Parish School Board*, 735 F.2d 923, 933-35 (5th Cir. 1984); *Garrity v. Gallen*, 697 F.2d 452, 458 (1st Cir. 1983); and *In re Fine Paper Antitrust Litigation*, 695 F.2d 494, 501 (3d Cir. 1982); see also *Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1256! 57 (D.C. Cir. 1999)—and *United Airlines* is the principal case on which CoPERA relies. It was indeed a case much like this but with the critical difference that the class representative had filed an interlocutory appeal (under 28 U.S.C. § 1292(b)) from the order excluding the subclass to which the would-be intervenor (McDonald) belonged, and the court of appeals had exercised its discretion to refuse to accept the appeal. The members of the subclass had every reason to expect that when the class action was concluded in the district court the named plaintiff would exercise her right to appeal as a matter of right (since the judgment in the district court would then be final) from the order of exclusion, provided of course that certifying the class could be expected to result eventually in a favorable settlement or judgment. When the named plaintiff did not appeal, McDonald sought to intervene. Her motion was timely because it would not have made sense for her to go to the bother

of bringing her own suit (and clogging up the courts with another suit that they don't need) on the off-chance that the class representative had abandoned McDonald's claim.

In light of other language in *United Airlines* and subsequent cases such as *Champ v. Siegel Trading Co.*, 55 F.3d 269, 272! 73 (7th Cir. 1995); *Roe v. Town of Highland*, 909 F.2d 1097, 1099 (7th Cir. 1990), and *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319-20 (9th Cir. 1997), we can assume that the *general* rule is that the member of a shadow class can delay filing his motion to intervene to appeal the denial of certification of his class until the final judgment is entered. Even so, this case is different from all those cases because CoPERA's goal in seeking to intervene was not to obtain class certification (what good would that do it?) but to obtain the reversal of the summary judgment order that had wiped out its $6 million claim. The fact that the named plaintiff in a class action suit does not try to take an immediate appeal from the denial of class certification does not alert members of the shadow class that he is abandoning them; he may want to wait and see how he does on the merits of the suit before deciding whether to challenge the denial of certification, since if he loses on the merits and does not have a good shot at getting a reversal he will have nothing to gain from seeking to certify a class. (A member of the class may disagree about the likelihood of a reversal on the merits, however, and therefore want to intervene both to challenge the final judgment and to obtain class certification.) But when the named plaintiff has lost on the merits at an early stage in the litigation and could but does not seek an immediate appeal, the likelihood that he will abandon the class members' claims

soars, as he has signaled pessimism about the merits. And since the litigation is continuing, the plaintiff may decide that he doesn't need a reversal of the partial summary judgment to assure an overall positive outcome.

A motion to intervene may be granted only if it is "timely," Fed. R. Civ. P. 24(a), (b), and appellate review of a district court's determination of timeliness is deferential because of the variety of considerations (akin to those that inform decisions whether to toll statutes of limitations) bearing on whether a late filing should be considered timely. E.g., *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007); *United States v. British American Tobacco Australia Services, Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006). We do not read *United Airlines* as establishing an inflexible rule that a motion to intervene in a class action to appeal an earlier order in that action is always timely provided it is filed shortly after the final judgment in the class action. A district judge has discretion in deciding whether a motion to intervene is timely, and he did not abuse that discretion in this case when he refused to allow belated intervention by a sophisticated litigant with a large stake who had no good excuse for failing to seek intervention (or bringing its own suit) years ago, who violated the spirit albeit not the letter of the statute of limitations, who appears to have acted for strategic reasons, and whose attempt to intervene delayed a settlement, thus further delaying the conclusion of an already protracted litigation growing out of a decade-old merger. The appeal from the denial of the motion to intervene precipitated a cross-appeal by Bank One (No. 08-1170 in this court), as well as an appeal in which the plaintiffs in the class action ask us to direct the district court to order Bank One to pay the $28 million

settlement. *In re Old Banc One Shareholders Securities Litigation* (No. 08-1376).

As the Third Circuit stated in *In re Fine Paper Antitrust Litigation*, *supra*, 695 F.2d at 501, "By contrast [with *United Airlines*], appellants here did not seek intervention [to appeal an earlier order] until long after they should have realized that they were not members of the certified class." *United Airlines* "involved a sudden, complete reversal of position by the [class] representative." *Jones v. Caddo Parish School Board*, *supra*, 735 F.2d at 934. All the equities line up the other way in this case.

The cross-appeal (No. 08-1170) is contingent on the reversal of the judgment, and is therefore DISMISSED. The judgment is AFFIRMED. The appeal in No. 08-1376 is likely to become moot, now that we have cleared the last obstacle to settlement, so rather than proceeding to adjudicate the appeal we ask the parties to submit a status report to us in thirty days.