In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-1536

KHALID ALI,

*Plaintiff,*

*v.*

CITY OF CHICAGO, et al.,

*Defendants-Appellees,*

APPEAL OF:

GLENN MILLER,

*Petitioning Intervenor–Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:19-cv-00022 — **Edmond E. Chang**, *Judge*.

ARGUED FEBRUARY 17, 2022 — DECIDED MAY 17, 2022

Before ROVNER, HAMILTON, and ST. EVE, *Circuit Judges*.

HAMILTON, *Circuit Judge*. In this appeal, we consider the timeliness of appellant Glenn Miller's motion to intervene after a settlement was reached in another person's civil rights suit that had not been pled as a class action. In some circumstances, such a post-settlement motion may be timely because

the would-be intervenor had reasonably relied on other parties—such as representatives of a putative class—to protect her interests. E.g., *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394–95 (1977). This case, however, had not been litigated as a class action. Plaintiff Khalid Ali brought the case as an individual claim against the City of Chicago and multiple police officers. He alleged that his constitutional rights were violated when he was detained overnight on an out-of-county warrant for another person with the same name and was not permitted to post bond.

About one year into the litigation, the district court rejected Ali's attempt to move for class certification without amending his complaint. Ali then moved for leave to amend, but the court denied that motion as well. Shortly after that, Ali settled his claim. Appellant Miller was never a party to Ali's case, but he wanted to challenge the district court's rulings. He moved to intervene, represented by the same law firm that had represented Ali. The district court denied Miller's motion as untimely. The court reasoned that, unlike potential intervenors in other cases, including *United Airlines v. McDonald*, Miller could not have relied on Ali to protect his interests because Ali had not brought his case as a class action.

On appeal, Miller raises three issues: (1) whether the district court abused its discretion in denying his motion to intervene as untimely; (2) whether the district court erred by striking Ali's motion for class certification because the complaint did not include any class allegations; and (3) whether the court erred by later denying Ali's motion for leave to amend his complaint to add class allegations. The first issue is decisive. The district court did not abuse its discretion in denying Miller's motion to intervene as untimely. That means

he is not a party to this lawsuit and cannot pursue the other challenges. See *United States v. City of Milwaukee*, 144 F.3d 524, 531 (7th Cir. 1998) ("We have recognized repeatedly that, until a movant for intervention is made a party to an action, it cannot appeal any orders entered in the case other than an order denying intervention."); see also *SEC v. First Choice Management Services, Inc.*, 767 F.3d 709, 711 (7th Cir. 2014) (holding that party whose motion to intervene was denied by the district court had "no right to appeal from rulings of the court other than … the ruling denying intervention").

I.  *Facts and Procedural History*

In January 2019, plaintiff Ali brought this civil rights action against the City of Chicago and several police officers. He alleged that the officers had violated his Fourth and Fourteenth Amendment rights when they arrested and detained him overnight based on a warrant for a different "Khalid Ali." That warrant had been issued by an Illinois state judge in another county. In his second amended complaint, Ali alleged that the officers were following a City policy "of refusing to release on bond an arrestee taken into custody on an arrest warrant issued by an Illinois state court outside of Cook County." In each version of his complaint, Ali requested compensatory and punitive damages. None of the complaints, however, included any class allegations or requests for classwide relief.

In December 2019, two days before the deadline for completing fact discovery, Ali moved to certify a class of all persons who, on or after January 1, 2017, were detained by Chicago police officers on out-of-county warrants and were not permitted to post bond at the police station. He asserted in a footnote that he was not required to amend his complaint to

include class allegations. The City moved to strike the motion for class certification, objecting that the complaint had never included any class allegations and that Ali had waited until the close of fact discovery to file his motion.

The district court granted the City's motion to strike. Since Ali had not added class allegations to his complaint, the certification motion "amounted to a request, at the end of fact discovery, to add a class-action claim to the case." The court concluded that such a request had to be denied because "notice of *some* kind must be given to the defense that Plaintiff is pursuing a class action." Ali petitioned this court for interlocutory review pursuant to Federal Rule of Civil Procedure 23(f), but we denied the petition.

Ali then moved for leave to amend his complaint to include class allegations. He argued that he did not have evidentiary support for the existence of the alleged City policy until the deposition of a police lieutenant in November 2019. The City replied that it had admitted to following the policy in discovery responses served on Ali months earlier. The district court agreed with the City and denied the motion for leave to amend. The court said that the request came too late in the case, particularly since it had been clear at least as early as September 2019 that Ali "was probably not alone in being subject to a broad policy requiring an appearance in bond court." *Ali v. City of Chicago*, 503 F. Supp. 3d 661, 667 (N.D. Ill. 2020).

Several weeks later, Ali settled his case. The settlement agreement did not permit him to appeal the district court's class certification ruling. On January 25, 2021, the parties filed a stipulation to dismiss. The district court entered an order

dismissing the case without prejudice and with leave to reinstate by April 12, 2021.

On the same day that Ali stipulated to dismissal, January 25, appellant Glenn Miller moved to intervene in the case under Rule 24. Miller asserted that he was a member of Ali's proposed class because he had been arrested by Chicago police officers in January 2018 and had not been permitted to post bond at the police station because of the City's policy. Miller sought to appeal the district court's orders striking Ali's motion for class certification and denying leave to amend the complaint.

Almost one month later, with his motion to intervene still pending, Miller filed a notice of appeal from the district court's January 25 order. That appeal was docketed in this court as No. 21-1353. Miller asked this court to remand to the district court so that it could rule on his motion to intervene. The City responded that the appeal was premature because the district court had dismissed the case only "without prejudice and with full leave to reinstate via motion."

On March 24, while that appeal was pending, the district court denied Miller's motion to intervene. The court concluded that intervention was untimely because plaintiff Ali had "never presented an operative complaint with a proposed class action," so Miller "did not reasonably rely on Ali's case to pursue class certification." *Ali v. City of Chicago*, No. 19-CV-00022, 2021 WL 1193791, at *2 (N.D. Ill. Mar. 24, 2021). Miller then filed a second notice of appeal, challenging both the denial of intervention and the January 25 order. That second notice was docketed in this court as this appeal, No. 21-1536.

In June 2021, a motions panel of this court dismissed the first appeal (No. 21-1353) as "unnecessary, if not premature because the district court had not issued its ruling on [Miller's] motion to intervene" at the time the appeal was filed.

II. *Appellate Jurisdiction*

Before turning to the merits, we must clarify the basis and scope of our jurisdiction. In general, federal courts of appeals have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. A judgment "is not final for purposes of § 1291 until it disposes of all claims in the suit." *Wisconsin Central Ltd. v. TiEnergy, LLC*, 894 F.3d 851, 854 (7th Cir. 2018); see also *Borrero v. City of Chicago*, 456 F.3d 698, 700 (7th Cir. 2006) (explaining that judgment is final under § 1291 "if the district judge is finished with the case").

The district court's January 25 order was not final. The order said that "the case is dismissed without prejudice and with full leave to reinstate via motion filed by 04/12/2021. If no motion to reinstate is filed by that date, then the dismissal will automatically convert to a dismissal with prejudice, without further action by the Court."

We have often expressed concerns about dismissals with leave to reinstate and their potential to create jurisdictional confusion, which we tried to reduce in *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994) (en banc). We have explained: "Because the conditional ability to revive the case renders the dismissal a disposition without prejudice, neither side may appeal immediately." *Id.* Instead, we treat "the order dismissing the case as the appealable order, with finality springing into existence when the time to satisfy the condition

expires." *Id.* at 1166. A dismissal without prejudice and with leave to reinstate "does not terminate the litigation in the district court in any realistic sense and so is not a final decision within the meaning of 28 U.S.C. § 1291." *JTC Petroleum Co. v. Piasa Motor Fuels, Inc.*, 190 F.3d 775, 776 (7th Cir. 1999); see also *Baltimore & Ohio Chicago Terminal Railroad Co. v. Wisconsin Central Ltd.*, 154 F.3d 404, 408 (7th Cir. 1998) ("A dismissal with leave to reinstate is not appealable as a final order…."); cf. *Davis v. Advocate Health Center Patient Care Express*, 523 F.3d 681, 683 (7th Cir. 2008) ("When a judge conditionally dismisses a suit, but gives the plaintiff time to fix the problem that led to dismissal … the order becomes an appealable 'final decision' once the time for correction has expired, whether or not the court enters a final judgment.").[1]

Miller invites us to reconsider the motions panel's decision to dismiss his first appeal. Miller did not raise this point in that first appeal, No. 21-1353, as perhaps through a petition for panel rehearing. The dismissal of that appeal became final long ago. In any event, the motions panel correctly concluded that Miller's initial appeal was not viable because the January 25 order was not final and the district court had not ruled on his motion to intervene.

Our jurisdiction over Miller's second appeal is secure, however, because a denial of intervention "is a final, appealable decision." *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 745 (7th Cir. 2020), quoting *CE Design, Ltd. v. Cy's*

---

[1] In this case, the district judge followed our guidance in *Otis* by making crystal-clear that the dismissal would convert to one "with prejudice" on April 12 absent a motion to reinstate. In other words, the judge "announced a plan to dismiss in the future unless something happened." *Otis*, 29 F.3d at 1163.

*Crab House North, Inc.*, 731 F.3d 725, 730 (7th Cir. 2013); see also *Illinois v. City of Chicago*, 912 F.3d 979, 984 (7th Cir. 2019) ("Because denial of a motion to intervene essentially ends the litigation for the movant, such orders are final and appealable."). Miller filed a timely notice of appeal once the district court denied his motion to intervene, so we have jurisdiction over that order under § 1291.

III. *Timeliness of Intervention*

The decisive issue here is whether Miller's motion to intervene was timely. Federal Rule of Civil Procedure 24 permits intervention on "timely motion." We review timeliness decisions under Rule 24 for abuse of discretion, *City of Chicago*, 912 F.3d at 984, meaning that we will affirm if the district court's decision was a reasonable one under the circumstances, regardless of whether we would have made the same decision in the district court's position.

For intervention under Rule 24, timeliness "is not limited to chronological considerations but is to be determined from all the circumstances." *Lopez-Aguilar v. Marion County Sheriff's Department*, 924 F.3d 375, 388 (7th Cir. 2019), quoting *City of Bloomington v. Westinghouse Electric Corp.*, 824 F.2d 531, 534 (7th Cir. 1987). Four factors are relevant to whether a motion to intervene is timely: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances." *City of Chicago*, 912 F.3d at 984, quoting *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 797–98 (7th Cir. 2013). This is essentially a reasonableness test: "potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and

upon so learning they need to act reasonably promptly." *Lopez-Aguilar*, 924 F.3d at 388, quoting *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995).

A. *The McDonald Rule*

Instead of engaging with this totality-of-the-circumstances test, Miller argues that *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), established a bright-line rule that makes his motion to intervene timely. In his view, a motion to intervene is timely so long as it is filed "within the applicable time for filing an appeal." *Id.* at 396 n.16. Since Miller filed on the same day the district court entered its order of dismissal, he says, his motion was timely.

The argument is not persuasive. Unlike Ali, the named plaintiff in *McDonald* had brought the case as a class action from the beginning. She sued the airline on behalf of herself "and all other United stewardesses discharged because of the no-marriage rule," which required "female stewardesses to remain unmarried as a condition of employment." 432 U.S. at 387–88. The district court had granted United's motion to strike the class allegations in the complaint, finding that the numerosity requirement of Rule 23 was not satisfied. This court declined to accept an interlocutory appeal challenging that order. But the district court did allow "12 married stewardesses who had protested the termination of their employment to intervene as additional parties plaintiff." *Id.* at 388.

From there, the lawsuit had "proceeded as a joint suit on behalf of the original and the intervening plaintiffs." 432 U.S. at 389. The district court eventually entered a judgment of dismissal after the parties agreed to reinstatement and backpay for the plaintiffs. Respondent McDonald had been a member

of the putative class as defined in the original complaint. When the plaintiffs settled, McDonald realized that they did not intend to appeal the denial of class certification. She filed a motion to intervene within the thirty-day appeal period. The district court denied her motion as untimely, explaining that she had not sought any relief from the court during five years of litigation. This court reversed, holding that McDonald was entitled to intervene when she did, that the district court had erred years earlier in denying class certification, and that the class was entitled to relief. *Romasanta v. United Airlines, Inc.*, 537 F.2d 915, 920 (7th Cir. 1976).

Reviewing only the timeliness issue, the Supreme Court affirmed. The Court held that "once the entry of final judgment made the adverse class determination appealable, [McDonald] quickly sought to enter the litigation." *McDonald*, 432 U.S. at 394. And in every case, the "critical inquiry … is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment." *Id.* at 395–96.

This court has made clear that *McDonald* did not create a bright-line rule for evaluating the timeliness of a motion to intervene. We have described the rule as follows:

> The motion [to intervene] is timely if filed promptly after the entry of the final judgment in the class action—at least in a case in which, because "the named plaintiffs had attempted to take an interlocutory appeal from the order of denial at the time the order was entered, there was no reason for the respondent to suppose that they would not later take an appeal until she was advised to the contrary after the trial court had entered its final judgment."

*Larson v. JPMorgan Chase & Co.*, 530 F.3d 578, 582 (7th Cir. 2008), quoting *McDonald*, 432 U.S. at 393–94. In *Larson*, the would-be intervenor sought to appeal a three-and-a-half-year-old summary judgment order. *Id.* at 580. But since that party "had no good excuse for failing to seek intervention (or bringing its own suit) years ago," we held that the district court did not abuse its discretion in denying intervention. *Id.* at 583–84. In doing so, we expressly rejected the bright-line rule that Miller proposes: "We do not read *United Airlines* as establishing an inflexible rule that a motion to intervene in a class action to appeal an earlier order in that action is always timely provided it is filed shortly after the final judgment in the class action." *Id.* at 583.

Miller's case for post-settlement intervention is even weaker than the intervention sought and rejected in *Larson*, which at least had been brought as a class action. See 530 F.3d at 580. In *McDonald*, moreover, the respondent promptly moved to intervene once it became clear that her interests "would no longer be protected by the named class representatives." 432 U.S. at 394. In this case, however, as the district court observed, plaintiff Ali was not a named class representative and "never even successfully *proposed* a class action." *Ali*, 2021 WL 1193791, at *2. He filed three complaints, but none included any class allegations or demands for class-wide relief. Unlike the *McDonald* intervenor, therefore, Miller could not have been reasonably relying on any "named class representatives" to protect his interests because this case was not proceeding as a class action. Cf. *McDonald*, 432 U.S. at 392–93 (emphasizing that lawsuit "had been commenced by the timely filing of a complaint for classwide relief, providing United with 'the essential information necessary to determine both the subject matter and size of the prospective

litigation'"), quoting *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 555 (1974).[2]

To be sure, where a party has failed to intervene because she reasonably expected named plaintiffs or other relevant parties to protect her interests, that expectation is relevant to the timeliness inquiry. E.g., *McDonald*, 432 U.S. at 394 (explaining that "there was no reason for [McDonald] to suppose that [the named plaintiffs] would not later take an appeal until she was advised to the contrary after the trial court had entered its final judgment"); *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 572 (7th Cir. 2009) (holding that post-judgment motion to intervene was timely where state attorney general had been defending statute but then did not appeal district court's ruling that it was unconstitutional). No such expectation would have been reasonable in this case. Ali was litigating only his own claim against the City; he was not representing Miller's interests. The district court did not abuse its discretion in denying intervention.

B.  *"Stealth" Class Actions?*

In his reply brief, Miller argues that the lack of class allegations in Ali's complaint is not relevant to the timeliness issue. According to Miller, "nothing in the Federal Rules of Civil Procedure requires that a complaint include class

---

[2] As Miller points out, *McDonald* also recognized in a footnote that post-judgment intervention "has been found to be timely even in litigation that is not representative in nature." 432 U.S. at 395 n.16. All that shows, however, is that intervention *might* be allowed as timely in such cases if the would-be intervenor has acted promptly in light of all the circumstances. That does not establish the bright-line rule Miller urges nor indicate that the district court abused its discretion in denying Miller's motion to intervene.

allegations." In effect, Miller's position would allow a plaintiff to bring a class action—and therefore give potential intervenors a right to assert the reliance interests of class members—without including class allegations or demands for class-wide relief in either the original complaint or an amended complaint.

That is not how the Federal Rules of Civil Procedure work. Rule 23(a) says explicitly that class actions allow class members to "sue or be sued as representative parties." Rule 23(c)(1)(A) provides that the district court must decide "[a]t an early practicable time after a person sues or is sued as a class representative … whether to certify the action as a class action." The district court cannot make that determination early in the case if the plaintiff is allowed to keep his class-action intentions hidden. We have also said that Rule 23(e) "presumptively applies to all complaints *containing class allegations*." *Baker v. America's Mortgage Servicing, Inc.*, 58 F.3d 321, 324 (7th Cir. 1995) (emphasis added), quoting *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 626 (7th Cir. 1986).[3]

Rule 8 requires that a pleading contain "a short and plain statement of the claim" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The purpose of those requirements is "to provide a defendant with fair notice of the claims against him." *Hahn v. Walsh*, 762 F.3d 617, 632 (7th Cir. 2014);

---

[3] The "early practicable time" phrasing of Rule 23(c)(1)(A) was adopted in 2003, replacing an earlier requirement that the court decide class certification "as soon as practicable after commencement of an action." See Fed. R. Civ. P. 23 advisory committee's notes to 2003 amendment. The change was intended to give district courts more flexibility in managing putative class actions. It was certainly not intended to allow "stealth" class actions.

see also 7B Wright & Miller, Federal Practice and Procedure § 1798 (3d ed.) ("As in all federal suits, the pleading stage of a class action is designed to inform the parties of the nature of the claims and defenses being asserted and the relief demanded."). Miller's theory would contravene that purpose and the requirement that relief be demanded by allowing plaintiffs to spring "stealth" class actions on defendants late in a case, without earlier warning. A class action "must be brought *as a class action*." *LG Display Co. v. Madigan*, 665 F.3d 768, 772 (7th Cir. 2011) (holding that state attorney general's *parens patriae* action was not a class action under federal Class Action Fairness Act). The complaint should identify the case as a class action if the plaintiff intends to pursue a class action.[4]

Miller rests his argument that class allegations need not be included in the complaint on *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015), a class action complaining about unwanted receipt of an advertiser's faxes. The plaintiff proposed in his complaint, and later moved to certify, a class of all persons who had received faxes from the defendant without giving their consent. After the court denied the motion, the plaintiff proposed a different class, this time including all persons who had received faxes without an opt-out notice or with a deficient notice. The court declined to certify that class as well,

---

[4] That is not to say, of course, that the absence of class allegations in the original complaint controls all later developments. A plaintiff may move for leave to amend the complaint to assert a class claim, thus notifying the defendant of the possibility of class-wide liability, as Ali eventually tried to do here (albeit too late in the district court's view). Such amendments are governed by the generally liberal standards of Rule 15 for amending pleadings.

concluding that the plaintiff could not change the focus of the litigation almost five years into the case. *Id.* at 784–85.

On appeal, we observed that both parties and the district court had proceeded as if the second certification proposal required an amendment to the complaint, but we could not see why: "A complaint must contain three things: a statement of subject-matter jurisdiction, a claim for relief, and a demand for a remedy. Class definitions are not on that list." 796 F.3d at 785 (internal citation omitted). Instead, we noted, "the obligation to define the class falls on the judge's shoulders." *Id.* Although the judge may ask the parties for help, "motions practice and a decision under Rule 23 do not require the plaintiff to amend the complaint." *Id.*

Those comments cannot bear the weight Miller tries to place on them. For one, they were dicta, as we said that the amendment issue did "not affect the disposition." 796 F.3d at 785; see also *id.* at 788 (affirming denial of class certification). More fundamental, this case did not involve an effort to *modify* a class definition that was already in the case. Unlike the plaintiff in *Chapman*, Ali did not bring his case as a class action. His complaint did not include "a claim for relief" and "a demand for a remedy," see *id.* at 785, notifying the defendant that it faced the prospect of class-wide liability. If Ali had filed such a complaint and had then later sought to change the definition of his class, *Chapman* suggests that amending the complaint would not have been necessary. That makes sense. As the district court here observed, proposed class definitions are often narrowed or expanded as the parties engage in discovery at the class certification stage. Cf. *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018) ("District courts may amend class definitions either on motion or on their own

initiative."); *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005) ("Litigants and judges regularly modify class definitions …."). Since there was no operative class action complaint in Ali's case, however, *Chapman* is not relevant on this point.

The denial of Miller's motion to intervene is

AFFIRMED.