# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued January 20, 2023         Decided May 19, 2023

No. 22-5140

CAMPAIGN LEGAL CENTER,
APPELLEE

v.

FEDERAL ELECTION COMMISSION,
APPELLEE

HERITAGE ACTION FOR AMERICA,
APPELLANT

———

Consolidated with 22-5167

———

Appeals from the United States District Court
for the District of Columbia
(No. 1:21-cv-00406)

———

*Brinton Lucas* argued the cause for appellant. With him on the briefs were *Brett A. Shumate*, *E. Stewart Crosland*, and *Stephen J. Kenny*.

*David A. Warrington* was on the brief for *amicus curiae* The Institute for Free Speech in support of appellant.

*Molly Danahy* argued the cause for appellee. With her on the brief were *Adav Noti*, *Kevin P. Hancock*, and *Hayden Johnson*.

Before: HENDERSON and WILKINS, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* ROGERS.

ROGERS, *Senior Circuit Judge*: Heritage Action for America appeals the denial of its post-judgment motion to intervene as of right, FED. R. CIV. P. 24(a), in Campaign Legal Center's challenge to the Federal Election Commission's failure to act on its administrative complaint. The district court found the motion was untimely because prior to judgment it became clear Heritage Action's interests would not be protected and delay in considering the complaint would prejudice Campaign Legal to the detriment of Congress' enforcement scheme. Heritage Action had not yet received the Commission's response to a Freedom of Information Act request filed 41 months after the administrative complaint, but the record supports the district court's findings upon applying the test in *Cameron v. EMW Women's Surgical Center*, 142 S. Ct. 1002, 1012 (2022). Accordingly, the court affirms the denial of intervention and dismisses the merits appeal for lack of appellate jurisdiction.

**I.**

The Federal Election Campaign Act provides that a person who believes a statutory violation has occurred may file an

administrative complaint with the Commission. 52 U.S.C. § 30109(a)(1). No more than three of its six members may be affiliated with the same political party, *id.* § 30106(a)(1), and four affirmative votes are required for Commission enforcement action, *id.* § 30106(c). "Any party aggrieved" by the Commission's failure to act within 120 days may sue the Commission, and where the court declares a failure to act is contrary to law, the court may direct the Commission to conform within 30 days and upon the failure to do so, the complainant may directly sue to remedy the violation alleged in the administrative complaint. *Id.* § 30109(a)(8)(A), (C).

On October 16, 2018, Campaign Legal, a § 501(c)(3) nonpartisan, nonprofit, filed a verified administrative complaint against Heritage Action, a § 501(c)(4) social welfare organization and political arm of Washington's Heritage Foundation. Compl. ¶¶ 3-4, 6. The complaint referenced statements to the press describing Heritage Action's plans to spend $2.5 million across twelve congressional candidates in the 2018 election. *Id.* ¶¶ 18-19. It alleged that "[t]here is reason to believe Heritage Action received contributions for political purposes and for the purpose of furthering an independent expenditure, but failed to report the identity of those contributors as required under 52 U.S.C. § 30104(c)." *Id.* ¶ 17. Campaign Legal requested an immediate Commission investigation, pursuant to 52 U.S.C. § 30109(a)(2), the imposition of sanctions including civil penalties "sufficient to deter future violations," and an injunction prohibiting Heritage Action from further violations. *Id.* ¶¶ 24-25.

On February 16, 2021, Campaign Legal sued the Commission, seeking a declaration that the Commission's failure to act was contrary to law and an order that the Commission conform with such declaration within 30 days, citing 52 U.S.C. § 30109(a)(8)(A), (C). When the Commission

did not file an answer, enter an appearance, or otherwise defend, the district court clerk entered a default against the Commission. Two weeks later, on May 24, 2021, Campaign Legal moved for entry of a default judgment, FED. R. CIV. P. 55, as "uncontroverted evidence establishe[d]" the Commission had failed to act on its complaint, which was contrary to law. Motion for Def. J. 2. The district court granted that motion by Order of March 25, 2022. It found "the supported, credible complaint alleg[es] violations" that do "not present a novel issue" nor "evidence that the [Commission's] failure to act [was] due to a lack of resources, competing priorities, or lack of information." Order 2 (D.D.C. Mar. 25, 2022). Further, because "the allegations outline a legitimate 'threat[] to the health of our electoral processes,'" *id*. (quoting *Campaign Legal Ctr. v. Iowa Values*, 573 F. Supp. 3d 243, 253 (D.D.C. 2021)), inaction was contrary to law. The Commission was ordered to conform within 30 days by acting on the administrative complaint. Campaign Legal's unchallenged status report of April 26, 2022, stated the Commission had taken no apparent action. By Order of May 3, 2022, the district court found the Commission had failed to conform as ordered and that, pursuant to 52 U.S.C. § 30109(a)(8)(C), Campaign Legal could bring a civil action to remedy the violations alleged in its original complaint. The next day the court ordered the case closed.

More than three years after Campaign Legal filed its administrative complaint, and after entry of a default judgment, Heritage Action wrote to the Commission inquiring whether it had any vote certifications on the administrative complaint and any Commission opinions regarding the complaint and if so to produce them pursuant to the Freedom of Information Act ("FOIA"). Ltr. (March 25, 2022). After the Commission denied expedited processing, *see* 11 C.F.R. § 4.7(g), Heritage Action sought leave to file an amicus brief, and, over Campaign

Legal's opposition, for the case to be held in abeyance pending receipt of the Commission's FOIA response. Two days after the case was closed, the Commission acknowledged the existence of responsive FOIA records without identifying them. On May 10th, Heritage Action moved to intervene for reconsideration or to appeal the May 3rd Order. The district court denied the motion to intervene as untimely, finding the delay in considering claims pending since the 2018 administrative complaint prejudiced Campaign Legal, and that although Heritage Action's interests were implicated it had failed to act when it was clear those interests would not be represented by other parties and it could raise its legal objection in the pending citizen suit. *Campaign Legal Ctr. v. FEC*, 2022 WL 1978727, *2-3 (D.D.C. June 6, 2022) ("*Denial of Motion to Intervene*").

Heritage Action appeals the May 3rd Order on the Commission's failure to conform to the default judgment and authorizing Campaign Legal's citizen suit, and the June 6th denial of its motion to intervene. The appeals, Nos. 22-5140 and 22-5167, were consolidated. Order (D.C. Cir. June 10, 2022).

## II.

This court reviews the denial of a motion to intervene as of right pursuant to FED. R. CIV. P. 24(a) for abuse of discretion. *Amador County v. U.S. Dep't of the Interior*, 772 F.3d 901, 903 (D.C. Cir. 2014). This occurs when the district court "applies the wrong legal standard or relies on clearly erroneous findings of fact." *Id.*

A motion to intervene as of right, in turn, must be timely as "judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the

suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *Karsner v. Lothian*, 532 F.3d 876, 886 (D.C. Cir. 2008) (quoting *United States v. Brit. Am. Tobacco Austl. Servs., Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006)). "[T]he most important circumstance relating to timeliness" is whether a party "sought to intervene 'as soon as it became clear'" that its "interests 'would no longer be protected' by the parties in the case." *Cameron*, 142 S. Ct. at 1012 (quoting *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)).

The district court determined that it was clear Heritage Action's interests were not protected at one of three points prior to the entry of judgment: the clerk's entry of default on May 10, 2021, Campaign Legal's subsequent motion for default judgment on May 24, 2021, or, at the latest, on March 25, 2022, when the district court entered default judgment, found the Commission's failure to act contrary to law, and ordered it to act within 30 days. *Denial of Motion to Intervene* at *2.

Heritage Action contends that the district court erred in applying *Cameron* because when a "change of circumstances occurs, and that change is the 'major reason' for the motion to intervene, the stage of proceedings factor should be analyzed by reference to the change in circumstances." Appellant's Br. 40 (quoting *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016)). Heritage Action relies on an out-of-circuit case predating the Supreme Court's instruction in *Cameron* and ignores that the "substantial change" in *Smith*, unlike here, was relevant to the point at which it became clear the intervenor's interests would no longer be protected, *Smith*, 830 F.3d at 854. Heritage Action never maintains that it could not have submitted its FOIA request when Campaign Legal argued on May 24, 2021, that "uncontroverted evidence establishes that

the [Commission] has failed to act on [the] administrative complaint." Mot. for Default J. 2.

Further, Heritage Action's arguments for why it belatedly moved to intervene are unsupported by the record. It baldly asserts that federal defendants often belatedly appear after the clerk's entry of default and that it reasonably assumed the Commission would comply with the subsequent order to conform, so it was only clear that its interests would not be protected after the Commission failed to appeal the May 3rd Order. Appellant's Br. 45-46. After all, the Commission might have appeared at any point. *Id.* But the Supreme Court and this court have understood the obligation of a would-be intervenor differently. This is not a case in which "a post-judgment motion to intervene . . . is timely . . . because 'the potential inadequacy of representation came into existence only at the appellate stage,'" *Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001) (quoting *Dimond v. District of Columbia*, 792 F.2d 179, 193 (D.C. Cir. 1986)). The Commission failed to answer or enter an appearance from the moment Campaign Legal sued in the district court on February 18, 2021, for its failure to act on the administrative complaint against Heritage Action. Heritage Action's filings in the district court did not indicate a deficiency in notice of the administrative complaint's filing or being unaware of the reasons presented to the district court by Campaign Legal on unlawful non-action by the Commission and moving for a default judgment. Indeed, when Heritage Action sought leave to file an amicus brief on April 25, 2022, claiming the Commission's FOIA response indicated responsive records "almost certainly" of a "deadlock dismissal," Heritage Action indicated that it could have discovered prior to judgment that the Commission had acted on the administrative complaint when it deadlocked on April 6, 2021, as FOIA production confirmed, and moved to intervene when it moved for leave to file an amicus brief.

As to the purpose for which intervention was sought and whether that would prejudice Campaign Legal, the district court relied on Heritage Action's statements that its "preferred aim" was reconsideration. *Denial of Motion to Intervene* at *3. Even so, the district court did not abuse its discretion in denying intervention to appeal the district court's jurisdiction. Heritage Action's suggestion that intervention to appeal is a limited purpose favoring intervention that could not prejudice Campaign Legal because the Commission had a 60-day period to appeal runs up against the strong presumption against post-judgment intervention, *Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999). *Acree v. Republic of Iraq*, 370 F.3d 41 (D.C. Cir. 2004), *abrogated on other grounds by Republic of Iraq v. Beaty*, 556 U.S. 848 (2009), on which Heritage Action relies, does not advance its position that intervention to question a district court's jurisdiction weighs in its favor. There, the district court denied the United States' intervention to contest subject matter jurisdiction two weeks after judgment was entered for plaintiffs suing under an exception to the Foreign Sovereign Immunities Act. *Id.* at 43. The United States argued Congress had recently rendered the exception inapplicable. The jurisdictional concern was unique, having an "undeniable impact on the Government's conduct of foreign policy." *Acree*, 370 F.3d at 50. *Acree* did not, as Heritage Action implies, create a special rule for jurisdictional challenges. *See Amador County*, 772 F.3d at 904. Rather, the district court in *Acree* had abused its discretion by failing to weigh the purposes for which the Government sought intervention. *Id.*

Finally, the district court permissibly concluded that although Heritage Action's rights are "obviously implicated," intervention was not required. *Denial of Motion to Intervene* at *3. Heritage Action was not a party to the default judgment in Campaign Legal's lawsuit against the

Commission and would not be prevented from arguing that Section 30109(a)(8)(C)'s prerequisites have not been met. *See Herrera v. Wyoming*, 139 S. Ct. 1686, 1697 (2019); *Arizona v. California*, 530 U.S. 392, 414 (2000).

Accordingly, the court affirms one consolidated case and dismisses the other for lack of jurisdiction. Because the district court considered "all the circumstances," *Karsner*, 532 F.3d at 886 (quoting *Brit. Am. Tobacco Austl. Servs., Ltd.*, 437 F.3d at 1238), and applied the correct legal standard of *Cameron*, it did not abuse its discretion in denying Heritage Action's post-judgment FED. R. CIV. P. 24(a) motion as untimely. Relatedly, the merits appeal must be dismissed for lack of a proper appellant. *Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1328 (D.C. Cir. 2013).